Mattie W. Embree, as Administrator of the Estate of Waite W. Embree, Deceased, and Mattie W. Embree, as an Individual, Plaintiff-Appellee, v. DeKalb Forge Company, a Corporation, et al., Defendant and Counter-Plaintiff-Appellant.

Gen. No. 11,899.

Second District.

June 1, 1964.

Lloyd J. Tyler, Jr., of Aurora, and Boyle & Cordes, of DeKalb (Lloyd J. Tyler, Jr., John G. Boyle, and Gary Cordes, of counsel), for appellant, DeKalb Forge Co.

Maynard and Maynard, of Rockford (James F. Maynard, of counsel), for appellee, James Gormley. Peter Fitzpatrick, of Chicago, and George W. Spitz, of DeKalb, for appellee, Mattie W. Embree.

CARROLL, J.

Mattie W. Embree brought suit against James D. Gormley for damages resulting from the death of her husband, Waite W. Embree, alleged to have been caused by Gormley's negligence. DeKalb Forge Company was later joined as a defendant and an amended complaint charging that DeKalb Forge was negligent "by its agent and employee, James Gormley" was filed.

DeKalb Forge thereafter filed a counterclaim against its employee, Gormley. By its counterclaim,

DeKalb Forge sought to be indemnified by Gormley for any judgment which the plaintiff might obtain against it. Gormley filed a motion to dismiss the counterclaim on the ground that it stated no present cause of action, but only a possible future right of action for indemnity which is contingent upon the outcome of the then pending suit. The trial court allowed Gormley's motion and with respect thereto made the following specific findings:

"1. That the counterclaim purports to assert a cause of action for indemnity, or liability over, against the co-defendant, James Gormley, in the event that defendant-counterclaimant, DeKalb Forge Company, is found liable in the principal case of Mattie W. Embree, Administrator, vs. DeKalb Forge Company and James Gormley.

"2. That said counterclaim does not state a presently existing cause of action for indemnity, but attempts to state a future cause of action which is contingent and dependent upon the happening of a future event or determination.

"3. That section 38 of the Civil Practice Act of Illinois authorizes only counterclaims based upon presently existing rights or causes of action, and does not, by its terms or by implication, authorize a counterclaim upon a possible future or contingent claim based upon the happening of some future event or determination.

"4. That defendant, DeKalb Forge Company, counterclaims against its co-defendant, James Gormley, and that the pending issue does not involve bringing in a third party, or third party practice, and that section 25(2) of the Civil Practice Act has no application to the case at bar.

"5. That the counterclaim filed herein, being based solely upon a future or contingent liability, dependent upon the happening of a future

event or determination, does not state a presently existing right or cause of action, and should be dismissed.

"6. Further, the court expressly finds that there is not just reason for delaying enforcement or appeal upon this judgment order."

The court then ordered that the counterclaim be dismissed, and the counterplaintiff electing to stand on its counterclaim, judgment was entered against it. From such dismissal judgment, the defendant and counterplaintiff has appealed.

The sole question presented on this appeal is whether DeKalb Forge Company has a present right to maintain its counterclaim against its servant, Gormley.

It is DeKalb Forge's contention that it has a present right to counterclaim against Gormley to require him to pay any damages to it by reason of his tort; that the Civil Practice Act permits the maintaining of such a counterclaim against Gormley and that DeKalb Forge should not be compelled to institute a separate suit to have its right to indemnity determined.

The sections of the Civil Practice Act relied on by DeKalb Forge are quoted below:

"Within the time for filing his answer or thereafter by leave of court, a defendant may by third-party complaint bring in as a defendant a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. Subsequent pleadings shall be filed as in the case of a complaint and with like designation and effect. The third-party defendant may assert any defenses which he has to the third-party complaint or which the third-party plaintiff has to the plaintiff's claim and shall have the same right to file a counterclaim or third-party complaint as any other defend-

88

ant. If the plaintiff desires to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant, he shall do so by an appropriate pleading. When a counterclaim is filed against a party, he may in like manner proceed against third parties. Nothing herein applies to liability insurers or creates any substantive right to contribution among tort-feasors or against any insurer or other person which has not heretofore existed." Ill Rev Stats 1963, ch 110, sec 25(2).

"(1) Subject to rules, any demand by one or more defendants against one or more plaintiffs, or against one or more codefendants, whether in the nature of setoff, recoupment, cross-bill in equity, cross demand or otherwise, and whether in tort or contract, for liquidated or unliquidated damages, or for other relief, may be pleaded as a cross demand in any action, and when so pleaded shall be called a counterclaim.

"(2) The counterclaim shall be a part of the answer, and shall be designated as a counterclaim. Service of process on parties already before the court is not necessary." Ill Rev Stats 1963, sec 38.

DeKalb Forge's first point is that a master has an action over against its servant for damages to be paid by it by reason of its servant's tort. Among cases cited in support of this point are Holcomb v. Flavin, 37 Ill App2d 359, 185 NE2d 716, and Blaszak v. Union Tank Car Co., 37 Ill App2d 12, 184 NE2d 808. As to this general proposition, there seems to be no serious dispute.

The second point argued by DeKalb Forge is that under section 25 of the Civil Practice Act it has a present right to counterclaim against Gormley to re-

■

quire him to pay any damages which it may sustain by reason of his tort and that the Civil Practice Act permits the filing of such a counterclaim.

Counterdefendant Gormley's first argument in support of the trial court's order dismissing the counterclaim is that since DeKalb Forge's liability is contingent upon the outcome of the principal case, there is no presently existing cause of action in DeKalb Forge because no liability has been established against it, nor has DeKalb Forge suffered any damages. As authority for its position, Gormley quotes from sections of Illinois Law and Practice and American Jurisprudence on the subject of "limitations," which state that a cause of action for contribution from a joint obligor accrues when a party has paid the primary obligation or more than his share of it. Gormley also cites Harris v. Buder, 326 Ill App 471, 62 NE2d 131, which deals with the accrual of the right of contribution against a co-obligor on a promissory note, in reference to the statute of limitations. Another case relied upon by Gormley is Whittermore v. Weber, 217 Ill App 628, which apparently is cited because of the statement of law on page 632 thereof to the effect that a surety's obligation to contribute does not arise from a judgment being entered against the party seeking contribution, but by that party's payment of an amount in excess of his proportionate share of a joint obligation. It is insisted that these authorities are controlling on the question as to when an action for indemnity or contribution arises. DeKalb Forge has cited cases involving section 25 of the Civil Practice Act which it is contended authorize the bringing of a third party action for indemnification during the pendency of the principal suit, before any payment is made by the third party plaintiff, before any decision regarding liability is made, or before any judgment is entered against the third party plaintiff.

90

Holcomb v. Flavin, supra, was an action for damages for personal injuries sustained in an automobile collision. The driver of the vehicle which allegedly injured the plaintiff was named but was not sued as defendant. The defendants, who were named as the driver's employers, pursuant to section 25 of the Civil Practice Act, filed third party complaints. On the driver's motion, the third party complaints were dismissed. The Appellate Court reversed the dismissal order and held that:

"A master, not guilty of active participation in a tort may recover against his servant the amount which the master is required to pay for damages to a third person by reason of the servant's tort (Meece v. Holland Furnace, 269 Ill App 164, 169; Purple Swan Safety Coach v. Egyptian Trans. Co., 256 Ill App 442, 444). The acts or omissions involved in the case before us, however, refer only to acts done through the servant, or the master by and through the servant. The ground of responsibility is solely that of respondent superior. Such being the case, it is obvious that the complainants would have a right if found responsible and required to pay, to recover against the servant. Under the third party practice this right is sanctioned without separate litigation under the terms of the statutory provisions referred to." Id. at 361.

In Blaszak v. Union Tank Car Co., supra, the plaintiff claimed to have been injured when the lid of a tank car owned by the Union Tank Car Co. blew off. The tank car was being leased by Union to Shell Oil Company, the plaintiff's employer, and a negligence action was brought by the plaintiff against Union. Union filed a third party complaint against Shell

91

seeking indemnity. An appeal was taken by Union from an order dismissing the third party complaint. The Appellate Court reversed and stated:

> "Section 25(2) of the Civil Practice Act provides that . . . a defendant may by third party complaint bring in as a defendant a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him . . .
>
> "It does not have to appear with certainty that there will be a recovery over against the third party defendant. It is sufficient that the pleadings show a possibility of recovery. We feel here the pleadings indicate Union might have a right to recover over against Shell any amount it may be required to pay plaintiff."

The "Joint Committee Comments" following section 25 of the Civil Practice Act, Smith Hurd Annotated Statutes, indicates the intention underlying that section of the statute in stating the following:

> "Subsection (2), in common with third-party practice provisions in other jurisdictions, is designed to curtail multiplicity of actions by providing for assertions in one action of any claim which, by reason of the plaintiff's claim against him, the defendant has or may have against a third party."

■ ■  It becomes apparent from the above cases and the "Joint Committee Comments" that a defendant, in order to bring a third party action, does not have to wait until his liability has been determined, or until he has paid the plaintiff in whole or in part for the plaintiff's damages. Such a defendant, may, in order to avoid a multiplicity of suits, join as a third party defendant anyone against whom he may have a

possibility of recovery on account of the plaintiff's claimed damages.

It is urged by Gormley that he and DeKalb Forge are joint tort-feasors and as such have no right of contribution. Laver v. Kingston, 11 Ill App2d 323, 137 NE 2d 113, is cited as authority for the proposition that where an injurious act is committed by an agent in the course of his employment, both the servant and the master are jointly and severally liable and the master and the servant are joint tort-feasors. This is an incorrect interpretation of the Laver case, Ibid. In that case the plaintiff was injured in a collision and brought suit in a United States District Court against the employee-driver and against the employer. Before trial the plaintiff dismissed without prejudice as to the defendant-employee. Upon trial the plaintiff recovered a verdict of $7,500 against the defendant-employer. This judgment was paid and released. Thereafter the plaintiff brought suit against the driver in a Circuit Court of this State. The driver filed a motion to dismiss the complaint, or for judgment, on the grounds of res adjudicata. An appeal was taken from an order dismissing the complaint. The issue involved was whether or not the suit in the federal court and satisfaction of the judgment was res adjudicata and a bar to the suit in the Circuit Court. The Appellate Court relying upon Aldridge v. Fox, 348 Ill App 96, 108 NE2d 139, affirmed the action of the trial court quoting from the Aldridge case as follows: "The liability of master and servant for the act of the servant is deemed that of one tort-feasor and is a consolidated or unified one. Where one party acting for himself and his employer causes the unwarranted arrest of a third person, a single wrongful act is committed."

In its counterclaim, DeKalb Forge alleges that if a judgment is entered in the principal case it will

93

be based on the active and primary wrongful acts of Gormley and only on the passive or secondary acts of DeKalb Forge. It is unquestionably the law of this State that between joint tort-feasors there is no right of contribution. The rule against contribution or indemnity between joint tort-feasors does not, however, apply between parties where one is the active and primary wrongdoer and the other bears a passive and secondary relationship to the cause of the injury. Shell Oil Co. v. Foster-Wheeler Corp., 209 F Supp 931, affd 320 F2d 591; Blaszak v. Union Tank Car Co., supra; Moroni v. Intrusion-Prepakt, Inc., 24 Ill App2d 534, 165 NE2d 346. It therefore becomes apparent, especially in light of the above cases, that Laver v. Kingston, supra, does not hold that the master and servant are joint tort-feasors as a matter of law where the servant commits an injurious act in the course of his employment. The decision in that case was, that in considering whether the judgment against the employer would be res adjudicata in a subsequent action against an employee, the master and servant are deemed to be "one tort-feasor" and therefore a subsequent action against the employee will not lie.

Gormley further argues that since he is a present co-defendant in the suit, he cannot be brought in as a third party defendant under the provisions of section 25 of the Civil Practice Act, and further, that there is no authority under section 38, which deals with counterclaims, for a counterclaim against a counterdefendant by which the counterplaintiff seeks to have the counterdefendant held liable on account of the judgment in the principal action.

■ A purpose of both counterclaims and third party proceedings is the avoidance of multiplicity of suits. Section 4 of the Civil Practice Act provides:

"This Act shall be liberally construed, to the end that controversies may be speedily and final-

94

ly determined according to the substantive rights of the parties. The rule that statutes in derogation of the common law must be strictly construed does not apply to this Act or to the rules made pursuant thereto."

Section 38 authorizes the pleading of cross demands as counterclaims by one or more defendants against one or more plaintiffs or by one or more defendants against one or more co-defendants. Section 38 goes on to provide that "counterclaims" may be "in the nature of setoff, recoupment, cross-bill in equity, cross demand, or *otherwise,* and whether in tort or contract, for liquidated or unliquidated damages, *or for other relief* . . ." (emphasis added).

In Johnson v. Moon, 3 Ill2d 561, 121 NE2d 774, Virgil Johnson brought suit against Moon, as administrator of a decedent's estate, for damages to his tractor-trailer. The complaint described a collision between the plaintiff's tractor-trailer and decedent's automobile. The attorney for the administrator represented to the trial court that it appeared that at the time of the collision one Phillip Saxton was the driver of the tractor-trailer, that Virgil Johnson (the plaintiff) was his immediate employer, that the records of the secretary of State of Illinois showed that Kenneth Johnson and Virgil Johnson were the owners of the truck, and that the truck was transporting goods for Safeway Truck Lines, Inc. Upon these representations, the court entered an order which directed that Safeway Truck Lines, Inc., Kenneth Johnson and Phillip Saxton be brought in as additional parties by service of summons and granted the administrator leave to file a counterclaim against the plaintiff and the added parties. The trial court entered an order dismissing the counterclaim as to the added defendants. On appeal the Appellate Court affirmed the judgment of the trial court. The Supreme Court took the case upon

leave to appeal because of the importance of the procedural question involved. The defendants there contended that section 38 of the Civil Practice Act, alone, governs the right to file a counterclaim, that section 25 of the Act has no application, and that the specification of "plaintiffs" and "defendants" indicates an intention to restrict a counterclaim to those who have already been made parties to the action by the complaint. The Supreme Court, in reversing the judgments of the Appellate and Superior Courts, pointed out the many provisions in the Civil Practice Act which manifest an intention to greatly broaden the common law concepts regarding the joinder of parties and causes of action, and had this to say:

> "Even if we assume the language of Section 38 limits counterclaims to original parties to the action, we cannot accept the view that it should be construed as an isolated text. No reason is advanced to support such a departure in this case from the established course, which contemplates that the several provisions of the statute should be construed together in the light of the general purpose and object of the act, so as to give effect to the main intent and purpose of the legislature as therein expressed. People ex rel. Nelson v. Olympic Hotel Building Corp., 405 Ill 440, 444."

In view of the apparent purpose of sections 25 and 38, and of the Civil Practice Act generally to permit broad joinder of parties and causes and the avoidance of multiplicity of actions, it is inconceivable that a counterclaim for indemnity should not be allowed merely because the party against whom the relief is sought is already joined as a defendant.

For the reasons herein indicated, the judgment order dismissing the counterclaim is reversed and the

96

cause is remanded to the Circuit Court of DeKalb County with directions to overrule the motion to dismiss the counterclaim.

Reversed and remanded with directions.

ABRAHAMSON, P. J. and MORAN, J., concur.