Marilyn DAVIS, Plaintiff,

v.

FMC CORPORATION, Food Processing Machinery Division, Defendants.

FMC CORPORATION, Food Processing Machinery Division, Third Party Plaintiff,

v.

JOAN OF ARC COMPANY, a Corporation, Third Party Defendant.

No. 78–0107–D.

United States District Court, C. D. Illinois, Danville Division.

March 12, 1982.

Carroll Dukes, Dukes, O'Rourke, Stewart & Martin, Ltd., Danville, Ill., James McCabe, McCabe, McCabe & Rader, Williamsport, Ind., for plaintiff.

Robert Z. Hickman, Gunn, Hickman, Kesler, Jenkins & Brougher, P. C., Danville, Ill., for defendants.

Robert Banks, Sebat, Swanson, Banks, Lessen & Garman, Danville, Ill., for intervening petitioner.

## ORDER

BAKER, District Judge.

In this civil action for damages connected with the operation of a corn cutting machine, the third party defendant, Joan of Arc Company, has moved to dismiss the third party complaint filed by the defendant FMC Corporation.

The plaintiff, Marilyn Davis, was injured on August 16, 1976, while operating a corn cutting machine for her employer, Joan of Arc Company. The complaint based on

strict liability in tort was filed against the defendant FMC Corporation on July 18, 1978. The complaint was subsequently amended to allege diversity of citizenship. In 1981, after the doctrine of comparative negligence was adopted in Illinois, the plaintiff filed a second amended complaint raising Count II in negligence against FMC Corporation. On September 9, 1981, the defendant FMC Corporation filed a third party complaint against the third party defendant, Joan of Arc Company. It is that pleading to which the motion under consideration is directed. The third party complaint seeks *indemnity* or *contribution* from Joan of Arc should the defendant FMC Corporation be found liable to the original plaintiff, Marilyn Davis, on Count II of the second amended complaint.

## I.

The third party complaint fails to state a cause of action for contribution. Although the Illinois Supreme Court recognized such a cause of action as between joint tort-feasors in *Skinner v. Reed-Prentice Division Package Machinery Co.*, 70 Ill.2d 1, 15 Ill.Dec. 829, 374 N.E.2d 437 (1977), the holding of *Skinner* and its subsequent codification in Ill.Rev.Stat. ch. 70, ¶ 301 § 1 (1979), are applicable only to causes of action which accrue after March 1, 1978. The instant cause of action arose prior to March 1, 1978. Therefore, the principles of contribution are not applicable.

## II.

Indemnity derives from principles of contract, and may be express or implied. Implied indemnity traditionally requires a pre-tort relationship which gives rise to a duty to indemnify. *See, e.g., Mierzejwski v. Stronczek*, 100 Ill.App.2d 68, 241 N.E.2d 573 (1968) (lessor-lessee); *Embree v. DeKalb Forge Co.*, 49 Ill.App.2d 85, 199 N.E.2d 250 (1964) (employer-employee); *Blaszak v. Union Tank Car Co.*, 37 Ill.App.2d 12, 184 N.E.2d 808 (1962) (owner-lessee); *Gulf, Mobile & Ohio R. R. Co. v. Arthur Dixon Transfer Co.*, 343 Ill.App. 148, 98 N.E.2d 783 (1951) (master-servant). However, in response to the harshness of the no-contribution rule, the Illinois courts expanded the traditional doctrine of implied indemnity to "passive-active" negligence cases. *Van Jacobs v. Parikh*, 97 Ill.App.3d 610, 52 Ill.Dec. 770, 422 N.E.2d 979 (1981).

Prior to the holding in *Skinner* and the enactment of the Illinois Contribution Act, the requirement of a pre-tort relationship under passive-active negligence indemnity was relaxed. A cause of action was recognized if one tort-feasor alleged that his negligence was qualitatively different from that of a joint tort-feasor. *Parr v. Great Lakes Express Company*, 484 F.2d 767 (7th Cir. 1973).

In *Muhlbauer v. Kruzel*, 39 Ill.2d 226, 234 N.E.2d 790 (1968), the Illinois Supreme Court reaffirmed the requirement of a pre-tort relationship. However, this court interprets *Muhlbauer* as indicating the outer bounds of what constitutes a pre-tort relationship and not for the proposition that a "traditional" pre-tort relationship must be established.

*Muhlbauer* involved a case where the original plaintiff sued Kruzel, the operator of a food market, in negligence alleging, *inter alia*, that Kruzel had arranged for a clown to stand along the sidewalk in front of the defendant's store for the purpose of promoting Kruzel's business. Kruzel filed a third party complaint against Wilson & Company, alleging that the acts specified in the original complaint had been performed by Wilson and that any wrongful acts allegedly committed by Kruzel were passive only and not active. The alleged facts were void of any relationship or circumstance connecting Kruzel and Wilson. Therefore, the court dismissed the cause of action for failing to allege the existence of a pre-tort relationship.

*Muhlbauer* reaffirmed the concept of passive-active negligence indemnity. However, it is necessary to determine what impact the adoption of the Illinois Contribution Act has had on implied indemnity. This was answered in *Van Jacobs v. Parikh*, 97 Ill.App.3d 610, 52 Ill.Dec. 770, 422 N.E.2d 979 (1981), where the Illinois Appellate

Court for the First District concluded that, although contribution has not extinguished indemnity in Illinois, it "permits the courts to place indemnity back upon its theoretical foundation." *Parikh* at 613, 52 Ill.Dec. 770, 422 N.E.2d 979. It therefore appears that in cases accruing after March 1, 1978, the traditional rules of implied indemnity will be the controlling standard. *Lundy v. Whiting Corp.*, 93 Ill.App.3d 244, 48 Ill.Dec. 752, 417 N.E.2d 154 (1981).

 To state a cause of action under passive-active negligence indemnity, the defendant FMC Corporation must allege a pre-tort relationship and a qualitative difference between the negligence of itself and the third party defendant, Joan of Arc. The third party complaint contains those allegations. *Muhlbauer* requires that a party allege sufficient facts that some relationship or circumstance exists from which to imply a duty to indemnify. The defendant FMC Corporation specifically alleges the relationship of seller-purchaser between itself and Joan of Arc. The complaint also alleges that both were involved in the causation of injury to the plaintiff, Marilyn Davis. Finally, the defendant FMC Corporation alleges that the acts of Joan of Arc were primary or active *vis-a-vis* the acts of FMC which were passive.

Despite the sufficiency of the pleading, Joan of Arc argues that Illinois law does not recognize a cause of action for indemnity on behalf of a manufacturer as against a purchaser-employer. Although there appear to be no cases in which a manufacturer has succeeded at trial on such a theory of liability, the Illinois courts have recognized that a manufacturer is entitled to maintain an action for indemnity against a purchaser-employer when the underlying liability of the manufacturer is premised on negligence as opposed to strict liability. *Vassolo v. Comet Industries, Inc.*, 35 Ill.App.3d 41, 341 N.E.2d 54 (1975); *Kossifos v. Louden Machinery Co.*, 22 Ill.App.3d 587, 317 N.E.2d 749 (1974); *Stanfield v. Medalist Industries, Inc.*, 17 Ill.App.3d 996, 309 N.E.2d 104 (1974).

The pending action against the defendant FMC Corporation includes a claim in strict liability and negligence. Although FMC Corporation can only succeed on its indemnity claim if its acts were passive, dismissal is not warranted on the basis that the original complaint alleges acts of active negligence on the part of FMC Corporation. *Stanfield v. Medalist Industries, Inc.*, 17 Ill.App.3d 996, 999, 309 N.E.2d 104, 105 (1974).

IT IS THEREFORE ORDERED that the third party defendant's motion to dismiss the third party complaint be, and hereby is, denied.