(No. 80-CC-1362—

CITY OF SPRINGFIELD, ILLINOIS, a Municipal Corporation, Claimant, *v.* ILLINOIS DEPARTMENT OF TRANSPORTATION, Respondent.

*Order filed May 10, 1983.*

*Order on denial of rehearing filed August 18, 1983.*

SORLING, NORTHRUP, HANNA, CULLEN & COCHRAN, LTD., for Claimant.

NEIL F. HARTIGAN, Attorney General (W. J. SIMHAUSER, Special Assistant Attorney General, of counsel), for Respondent.

Poch, J.

This cause coming to be heard upon the motion of the Claimant for summary judgment, the motion of the Respondent for summary judgment and objections and briefs being filed by each party in opposition to the other's motions for summary judgment and upon the motion of the Respondent seeking reconsideration of the ruling of this Court in its order of April 16, 1982. Each party has had the opportunity to respond to all issues raised by the other and this cause has been orally argued before the Court. The Court has been fully advised on all matters before the Court and hereby finds:

1. The Claimant, City of Springfield, has filed a two-count complaint on February 20, 1980, against the Respondent, Illinois Department of Transportation. The complaint seeks indemnification in the sum of $250,000.00 and Count II seeks contribution from the Respondent for its *pro rata* share of the judgment entered against the Claimant.

2. The undisputed facts are as follows: An action seeking damages for personal injuries was filed by Charles Janssen against the Claimant and Respondent in the Circuit Court for the Seventh Judicial Circuit Court on August 9, 1974, for injuries sustained by Janssen on August 26, 1973, in Springfield, Illinois. The State and its officers were dismissed upon motion from the action in the circuit court. The case was tried against the City of Springfield and the jury returned a general verdict against the city in favor of the plaintiff Janssen in the sum of $250,000.00. The appellate court of Illinois reversed

that judgment. On leave to appeal being granted the supreme court of Illinois reversed the appellate court and affirmed the judgment of the circuit court (*Janssen v. City of Springfield* (1980), 79 Ill. 2d 435, 404 N.E.2d 213), including the amount of the judgment. That opinion details the relevant facts.

3. The judgment has been satisfied in full by the City of Springfield.

4. The supreme court in *Janssen* found that the City of Springfield was guilty of active negligence in failing to warn the plaintiff of the dangerous condition created by the traffic island in question.

The supreme court also held that the city had jurisdiction and control over the outer 28 feet of the road surface and thus had a statutory duty to warn those motorists including plaintiff. 79 Ill. 2d 435, 444.

5. The city did not tender the defense of the *Janssen* suit to the State in the circuit court.

6. The City of Springfield seeks summary judgment based upon the claim of active negligence in the construction and design of the traffic island.

The State seeks summary judgment on the ground that the Claimant's complaint states no basis in law or fact which allows indemnity or contribution.

## I.

## CONTRIBUTION

The rule of law allowing contribution among joint tortfeasors was judicially pronounced by the supreme court of Illinois in *Skinner v. Reed-Prentice Division* (1978), 70 Ill. 2d 1, 374 N.E.2d 437. That decision, which was a complete change in existing Illinois law, was to be

applied prospectively to causes of action arising out of occurrences on or after March 1, 1978. (70 Ill. 2d 1, 16-17.) See also, *Stevens v. Silver Mfg. Co.* (1978), 70 Ill. 2d 41, 374 N.E.2d 455; *Robinson v. International Harvester Co.* (1978), 70 Ill. 2d 47, 374 N.E.2d 458.

The General Assembly of our State has also enacted legislation allowing contribution among tortfeasors. (Ill. Rev. Stat. 1979, ch. 70, par. 301 *et seq.*) This Act applies only to causes of action arising on or after March 1, 1978. Ill. Rev. Stat. 1979, ch. 70, par. 301.

This Court in *Manescalco v. State*, 35 Ill. Ct. Cl. 933, in a case similar to the instant case, held that there is no right of contribution among tortfeasors for occurrences arising on or before March 1, 1978. In *Manescalco* an auto accident occurred on March 11, 1976, on State property. An action was brought against the Claimant Manescalco in the circuit court and judgment was rendered against him. He then filed an action in this Court seeking contribution and indemnification from the State. That claim for contribution was dismissed. We held there, and so follow and hold here, that there is no right of contribution among the Claimant, City of Springfield and the Respondent due to the prospective-only application of the rule of contribution pronounced by both the supreme court of Illinois and by our legislature.

The Claimant seeks to overcome the prospective application of the contribution rule by claiming that no such issue arose until after the jury's verdict against the city after March 1, 1978. We find that the cause of action in this case arose when the occurrence in question occurred on August 26, 1973. (See *Balmes v. High-Foco, A.B.* (1982), 105 Ill. App. 3d 572, 434 N.E.2d 482; *Davis v. FMC Corporation* (S.D. Ill. 1982), 537 F. Supp. 466, 467.) It is the date of the occurrence that controls herein, not

the date the verdict is returned against the party seeking contribution that controls or the date the party pays more than its *pro rata* share of the damages. Therefore, there is no right of contribution from the Respondent to the Claimant.

## II.

## INDEMNITY

Whether or not there is any right to indemnity based upon the facts and circumstances has been vigorously contested and thoroughly briefed and argued by able counsel for both sides in this case.

There is no claim by the city for express indemnity based upon any agreement providing for indemnification between the parties.

Any claim of implied indemnity is governed by the pre-tort relationship between the parties as well as the qualitative distinction between the parties as to their respective degrees of fault. The Respondent must show to have some pre-tort relationship upon which a duty to indemnify may be established. (*Muhlbauer v. Kruzel* (1968), 39 Ill. 2d 226, 230, 234 N.E.2d 790, 793.) The reasoning in *Muhlbauer* has been followed consistently due to the persuasive rationale underlying the theory of indemnity. The cases relied on by the city are not persuasive in light of *Muhlbauer*. Since the decision of the supreme court in *Skinner v. Reed-Prentice Division, supra*, allowing contribution there is no reason to dilute the well-reasoned theory that there must be a pre-tort relationship between the parties giving rise to a duty to indemnify in order to permit implied indemnity between the parties. In *Van Jacobs v. Parikh* (1981), 97 Ill. App. 3d 610, 422 N.E.2d 979, the appellate court reaffirmed

the holding and underlying rationale of *Muhlbauer.* 97 Ill. App. 3d 610, 613.

This Court in *Manescalco v. State* (1982), 35 Ill. Ct. Cl. 933, has reached the same conclusion that has been reached in *Muhlbauer* and *Van Jacobs,* that requires some pre-tort relationship creating a duty to indemnify in order for implied indemnity to be applicable.

In order for Claimant to allege a cause of action under passive-active indemnity, it must allege a pre-tort relationship and allege a qualitative difference between its own negligence and the claimed negligence of the State. The complaint must allege sufficient facts to show a relationship exists or circumstances occurred which implied a duty to indemnify.

The Claimant argues that there is a pre-tort relationship between the parties. The city refers to the construction and maintenance agreements between the city and the State as made reference to in the opinion of the supreme court in *Janssen v. City of Springfield, supra.* The parties had agreed to jointly construct the pavement surface in question and subsequently agreed to have the State maintain the center 24 feet and the city would maintain the remainder. The city also had notice of the dangerous condition created by the traffic island in 1964 and requested that the State remedy it. (79 Ill. 2d 435, 441.) Apparently nothing was done to the traffic island before Janssen's injuries.

The complaint filed by the Claimant does not specifically allege a pre-tort relationship between the parties. There is nothing in the record before us to allow the conclusion that these construction and maintenance agreements between them gives rise to an express indemnity agreement.

The appellate court in *Van Jacobs v. Parikh* (1981), 97 Ill. App. 3d 610, 613, 422 N.E.2d 979, required, in order to state a cause of action for indemnity, that the complaint allege a "duty to indemnify, arising not from the relative fault of the parties, but from the pre-tort relationship of the parties." The City of Springfield fails to state such a relationship and in the absence of such relationship is not entitled to indemnity from the State of Illinois.

In addition to the pre-tort relationship there must be a "qualitative distinction between the conduct of the parties" in order to state a cause of action for indemnity. *Van Jacobs v. Parikh, supra*, at 613; *Muhlbauer v. Kruzel* (1968), 39 Ill. 2d 226, 230, 234 N.E.2d 790, 793.

This "qualitative distinction" is often referred to as active v. passive negligence. In the instant case the jury found the city to be negligent and thus responsible for its own acts or omissions. The supreme court affirmed the judgment against the city because the city had the duty to warn motorists of hazards adjacent to the roadway even though the hazard was not within the control of the city itself. (79 Ill. 2d 435, 450-51.) The city was therefore found to be negligent and its negligence was a proximate cause of injury to Janssen.

The question of whether the city's negligence is active rather than merely passive must be addressed. If it is active the city will be barred from indemnification by the State. (*Van Jacobs v. Parikh, supra*, at 613.) The decision of the appellate court in *Warzynski v. Village of Dolton* (1974), 23 Ill. App. 3d 50, 317 N.E.2d 694, *rev'd* on other grounds (1975), 61 Ill. 2d 475, 338 N.E.2d 25, is helpful in resolving this issue. In *Warzynski* the village sought indemnification from the driver of an auto that struck a raised sewer cover when the passenger sued the

village and recovered a judgment for her injuries. The appellate court went into detail in discussing active v. passive negligence and stated:

"The basis for allowance of indemnity is predicated upon a finding of a higher degree of culpability by one tort-feasor, so that placing the entire burden on him would be warranted . . . the verdict of the jury in favor of the plaintiff against the Village necessarily found the condition of 155th Place to be a proximate cause of her injuries. . . . We believe that the actions of the Village in proximately causing the injury to plaintiff were of such a nature that its conduct should be deemed active negligence. This would militate against any action for indemnity against Novak, regardless of whether his conduct might also be considered active negligence." 23 Ill. App. 3d 50, 58, 317 N.E.2d 694, 700.

In the instant case the negligence of the City of Springfield is a proximate cause of the injuries to Janssen. This negligence is at least equal to the negligence of the State in their respective duties to maintain the area in question. We find the following language in *Warzynski* to be persuasive.

"We believe the negligence to the Village in allowing the sewer on an unlighted street to be raised above the street level was at least equal to the negligence of Novak as he drove in darkness over said sewer, and can only be viewed as an active or affirmative participation in the wrong . . . we retain our belief there is no clear justification to permit the total shifting of responsibility from the Village to Novak." 23 Ill. App. 3d 50, 68, 317 N.E.2d 694, 703.

The negligence of the city in failing to warn motorists of hazardous conditions affecting the street has been established by the verdict of the jury and the affirmance of the judgment by the supreme court of Illinois in *Janssen v. City of Springfield, supra.* In that appeal the position of the city was based upon "legal rather than factual questions." (79 Ill. 2d 435, 452.) The failure to argue the factual questions concerning liability on appeal leaves only one conclusion: that the facts supported the verdict and that the city was negligent. We find that the negligence of the city was "active or affirmative participation in the wrong." *Warzynski*, 23 Ill. App. 3d 50, 58, 317 N.E.2d 694.

Because the city's negligence is active there is no basis to shift the responsibility to the Respondent and the city is not entitled to indemnification from the State.

The issues raised are legal issues. There are no genuine issues of material fact and therefore disposition by means of summary judgment is appropriate. Due to the disposition of all issues by the ruling on the motions for summary judgment there is no necessity to consider or rule upon the Respondent's motion to reconsider the order of this Court of April 16, 1982.

The motion of the Claimant for summary judgment be, and the same is hereby denied.

The motion of the Respondent for summary judgment be and the same is hereby granted and judgment is entered in favor of the Respondent and against the Claimant and the Claimant's complaint is hereby dismissed with prejudice.

It is hereby ordered:

That the motion of the Claimant for summary judgment be, and the same is hereby denied.

That the motion of the Respondent for summary judgment be and the same is hereby granted and the complaint of the Claimant seeking indemnity is hereby dismissed.

## ORDER ON DENIAL OF REHEARING

POCH, J.

This matter coming on before this Court on Claimant's petition for rehearing and Respondent having filed its objections and all parties having received due notice of the pleadings and the Court being fully advised in the premises;

It is hereby ordered that the petition for rehearing is hereby denied.