WINFIELD DESIGN ASSOCIATES,
INC., Plaintiff,

v.

QUINCY JEFFERSON VENTURE, etc.,
and Rees W. Candee, etc., Defendants.

No. 83 C 1020.

United States District Court,
N.D. Illinois, E.D.

Aug. 26, 1983.

Peter C. John, Phelan, Pope & John, Chicago, Ill., for plaintiff.

Thomas C. Broderick, Quinn & Broderick, Chicago, Ill., for defendant Quincy Jefferson.

Michael A. Dunn, Librizzi & Dunn, Chicago, Ill., for defendant Candee.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Winfield Design Associates, Inc. ("Winfield") initially sued its fellow-tenant Rees Candee ("Candee") and its landlord Quincy Jefferson Venture ("Quincy"), alleging Winfield's business inventory and other property were damaged as a result of:

    1. negligent acts by Candee (Complaint Count I) and Quincy (Complaint Count III) and

    2. Candee's breach of provisions of a Candee-Quincy lease that operated for the benefit of Winfield (Complaint Count II).[1]

Quincy then crossclaimed against Candee for its own alleged damages (Crossclaim Count I) and (should Quincy be found liable to Winfield) for indemnity (Crossclaim Count II) and contribution (Crossclaim Count III). Candee has now moved to "strike" (really dismiss) Crossclaim Count II for failure to state a claim upon which relief can be granted.[2] For the reasons stated in this memorandum opinion and order Candee's motion is granted.

Now at issue is whether, assuming the facts pleaded, Illinois law would allow Quincy to recover from Candee on an indemnity theory.[3] *Kuhn v. General Parking Corp.,* 98

---

1. This Court's April 7, 1983 memorandum order granted in part and denied in part Candee's motion to strike Complaint Count II. Issues raised by that motion are unrelated to those now under consideration.

2. This Court accordingly set a briefing schedule on Candee's motion. But Quincy did not file a timely opposing memorandum and, despite repeated inquiries and prompting by this Court's law clerk, has never sought leave to file a belated memorandum.

3. As usual, the well-pleaded facts are assumed true for purposes of Candee's Fed.R.Civ.P. 12(b)(6) motion. *Mathers Fund, Inc. v. Colwell Co.,* 564 F.2d 780, 783 (7th Cir.1977). Illinois law provides the rules of decision in this diversity action under *Erie R.R. v. Tompkins* principles.

Ill.App.3d 570, 576, 54 Ill.Dec. 191, 197, 424 N.E.2d 941, 947 (1st Dist.1981) teaches (citations omitted):

> In Illinois indemnification is available only when there is a qualitative distinction between the negligence of the two tortfeasors ..., that is, the party seeking indemnification must have been passively negligent whereas the party against whom indemnification is sought must have been actively negligent.... Where the joint tortfeasors owe the same duty to the injured person, there can be no indemnification.[4]

*Accord, Sears v. Kois Brothers Equipment Co.,* 110 Ill.App.3d 884, 888–89, 66 Ill.Dec. 531, 535, 443 N.E.2d 214, 218 (1st Dist.1982). Candee argues (Mem. 2) Illinois law bars indemnity here because there is no qualitative difference between its own and Quincy's alleged negligence.

True, Crossclaim Count II ¶ 5 asserts any liability of Quincy to Winfield "will not be on account of any active or major acts on its part, but as a result of its passive and technical status as a landlord, and the active, major and wrongful negligence of [Candee]." But Paragraph 5 alleges no *facts* in support of its conclusory assertion. Indeed Crossclaim Counts II and III as a whole necessarily suppose Quincy's liability to Winfield on the facts pleaded in Winfield's Complaint [5]—and Complaint Counts I and III allege (1) active negligence by Candee *and* Quincy and (2) the *same* duty owed by them to Winfield. Thus, assuming Quincy's negligence as pleaded in the Complaint

(the predicate for Crossclaim Counts II and III), indemnity will not lie against Candee. *See Kuhn,* 98 Ill.App.3d at 576, 54 Ill.Dec. at 197, 424 N.E.2d at 947.

### Conclusion

Crossclaim Count II is dismissed.

---

4. There are many interesting questions about how common-law indemnity may have been affected by the Illinois Contribution Among Joint Tortfeasors Act, Ill.Rev.Stat. ch. 70, §§ 301–05 (the "Contribution Act"), and the Illinois Supreme Court's adoption of comparative negligence in *Alvis v. Ribar,* 85 Ill.2d 1, 52 Ill.Dec. 23, 421 N.E.2d 886 (1981). *See* Kissel, *Developments in Third Party Practice—Contribution and Indemnity,* 71 Ill.Bar.J. 654, 716 (1983). But so far Illinois courts (1) have held the Contribution Act "has not extinguished indemnity in Illinois," *Van Jacobs v. Parikh,* 97 Ill.App.3d 610, 613, 52 Ill.Dec. 770, 772, 422 N.E.2d 979, 981 (1st Dist.1981) and (2) have indicated adoption of comparative negligence does not necessarily imply rejection of com-

monlaw liability doctrines, *Coney v. J.L.G. Industries, Inc.,* 97 Ill.2d 104, at 119–24, 73 Ill.Dec. 337, at 344–46, 454 N.E.2d 197, at 204–06 (1983) (holding joint and several liability doctrine survived *Alvis* ). This opinion therefore makes the legal assumption most favorable to Quincy: continued viability of common-law indemnity concepts.

5. Moreover Crossclaim Count I tracks the Complaint's allegations as to Candee's negligence.