**ALLIED CORPORATION,**
**et al., Plaintiffs,**

v.

**ACME SOLVENT RECLAIMING,**
**INC., et al.**

No. 86 C 20377.

United States District Court,
N.D. Illinois, W.D.

Nov. 2, 1990.

Donald B. Hilliker, Phelan, Pope & John, Ltd., Chicago, Ill., for all plaintiffs except Reliance.

Leonard A. Nelson, Schoenberg, Fisher & Newman, Ltd., Chicago, Ill., for Illinois Bronze Paint Co.

James R. Schirott, Charles E. Hervas, James G. Sotos, Frank J. Bochte, Schirott & Associates, P.C., Itasca, Ill., for Syn-Tech, Ltd.

Jeffrey T. Gilbert, Arnold A. Pagniucci, Charles J. Ryan, Sachnoff, Weaver & Rubenstein, Ltd., Chicago, Ill., Bradley T. Koch, Kim M. Casey, Roberta L. Holzwarth, Bryan G. Selander, Holmstrom & Green, P.C., Rockford, Ill., for Hydrosol, Inc.

John L. Ropiequet, Laurence H. Kallen, Jeffrey T. Massari, Arnstein & Lehr, Chicago, Ill., for James B. Day & Co.

Robert B. Hurwitz, Delman & Hurwitz, Skokie, Ill., for Modine Mfg. Co.

Michael J. Merlo, Carolyn S. Hesse, Karen Douglas, David Rieser, Steven R. Apel, Pretzel & Stouffer, Chtd., Chicago, Ill., for Universal Chemicals & Coatings, Inc.

John M. Kyle, III, Barnes & Thornburg, Indianapolis, Ind., Robert H. King, Jr., Roger K. Heidenreich, Sonnenschein, Carlin, Nath & Rosenthal, Chicago, Ill., for Lilly Indus. Coatings, Inc.

J. Andrew Schlickman, James F. Warchall, David Engel, Kathryn Buckner, Stephen D. Ramsey, Sidley & Austin, Chicago, Ill., for Barrett Varnish Co.

Charles F. Thomas, Charles F. Helsten, Thomas & Hinshaw, Culbertson, Rockford, Ill., William J. Holloway, Thomas S. Malciauskas, David C. McCormack, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for Earl Scheib of Illinois, Inc.

Richard W. Cosby, Chicago, Ill., Terry R. Bossert, McNees, Wallace & Nurick, Harrisburg, Pa., for Harley–Davidson, Inc.

Harvey M. Sheldon, Timothy M. Kelly, McDermott, Will & Emery, Chicago, Ill., for Continental Can Co., Inc.

Richard Haldeman, Scott Sullivan, Williams & McCarthy, Rockford, Ill., Robert T. Stewart, James S. Teater, Jones, Day, Reavis & Pogue, Dallas, Tex., Joan M. Hall, Charles L. Barker, Jenner & Block, Chicago, Ill., for SCM Corp.

Larry D. Espel, G. Mark Whitehead, Popham, Haik, Schnobrich, Kaufman & Doty, Ltd., Minneapolis, Minn.

Frederick S. Mueller, Daniel A. Dupre, Johnson & Bell, Ltd., Chicago, Ill., for Rolisa Corp.

Jack D. Ward, Reno Zahm Law Firm, Rockford, Ill., William W. Moir, III, Hayes, Neumann, Humke, Moir & Van Akkeren, Sheboygan, Wis., for Sheboygan Paint Co., Inc.

Eugene R. Pigatti, Rockford, Ill., Leo G. Stern, Fredrikson & Byron, P.A., Minneapolis, Minn.

Edward Purcell, Purcell & Wadrope, Chicago, Ill., for Speed–O–Laq Chemicals.

Thomas H. Hill, Barbier, Petersmarck, Tolleson, Mead, Paige & Carlin, P.C., Birmingham, Mich.

John Lingner, III, Freeborn & Peters, Chicago, Ill., for Dexter Corp.

Francis X. Grossi, Jr., Katten, Muchin, Zavis, Pearl, Greenberger & Galler, Chicago, Ill., for Federated Paint Mfg. Co.

David Van Epps, Cincinnati, Ohio, for Allied–Signal Inc. (f/k/a Allied Corp.)

Jeryl Dezelick, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for Textron, Inc. & Bell & Howell Co.

Lee Mettinger, Gerald T. Karr, Rooks, Pitts & Poust, Chicago, Ill., for Henkel Corp. and Rheem Mfg. Co.

Marci A. Eisenstein, Marili McFawn, Schiff, Hardin & Waite, Chicago, Ill., for Sundstrand.

Rolland J. McFarland, Rockford, Ill., for Jasper & Nicholas Pumilia.

Peter J. Herzberg, Greenbaum, Rowe, Smith, Ravin, Woodbridge, N.J., for John L. Armitage.

Leo G. Stern, Ronda P. Bayer, Fredrikson & Byron, Minneapolis, Minn., for Valspar Corp.

Gary A. Garside, Chicago, Ill., for D.C. Franche Co.

Gary Letcher, Arthur A. Schulcz Sr., The Harker Firm, Washington, D.C., for Akzo.

James Russell, James A. Vroman, Winston & Strawn, Chicago, Ill., for General Motors Corp.

Raymond T. Reott, Robert L. Graham, Jenner & Block, Chicago, Ill., for Chase Products Co.

John R. Adams, Ralph W.F. Lustgarten, Yvonne M. Kaminski, Taylor, Miller, Sprowl, Hoffnagle & Merletti, Chicago, Ill., for U.S. E.P.A.

Thomas M. Giller, Andrew H. Perellis, Dixie L. Laswell, Coffield, Ungaretti, Harri & Slavin, Joel H. Fenchel, Dan Brusslan, David W. Inlander, Fischel & Kahn, Ltd., Chicago, Ill., for Coatings & Chemicals.

James I. Rubin, Anthony E. Rothschild, Butler, Rubin, Newcomer Saltarelli & Boyd, Chicago, Ill., for Reynolds Metals Co.

## ORDER

ROSZKOWSKI, District Judge.

Before the court are the motions of Plaintiffs and Defendants Hydrosol, Inc. (hereinafter "Hydrosol") and Henkel Corporation (hereinafter "Henkel") to bar cross-claims for contribution. Plaintiffs also request, in these motions, that the court reduce the non-settling defendants' liability by the amount of the settlements Plaintiffs reach with Defendants Hydrosol and Henkel. Defendants Hydrosol and

222

Henkel do not join in this second portion of the motions. For the reasons which follow, the court grants the motions of Plaintiffs and Defendants Hydrosol and Henkel insofar as they request a bar of cross-claims for contribution, and denies the portions of the motions which request that the court reduce the liability of the non-settling defendants by the dollar amount of the settlements between Hydrosol and Henkel and Plaintiffs.

## BACKGROUND

The plaintiffs, Allied Corporation *et al.*, have brought an action to recover response costs for environmental cleanup at the Acme Solvent waste disposal and recycling facility in Rockford, Illinois. Plaintiffs allege that the defendants, including Hydrosol and Henkel, are liable as generators of hazardous waste to pay a portion of the response costs under the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended by the Superfund Amendments and Reauthorization Act of 1986 (hereinafter CERCLA), 42 U.S.C. §§ 9601–9675 (1988).

On June 6, 1990, Plaintiffs and Defendant Hydrosol filed a motion to bar cross-claims for contribution by all other defendants. On September 10, 1990, Plaintiffs and Defendant Henkel filed a motion to bar cross-claims for contribution by all other defendants. This court heard oral argument on these motions on October 11, 1990.

## DISCUSSION

The two motions now before the court contain two issues: 1) whether this court should bar non-settling defendants from making cross-claims for contribution against the two settling defendants, and 2) whether this court should reduce the liability of the non-settling defendants by the actual dollar amount of the settlements between Hydrosol and Henkel.

■ The 1986 amendments to CERCLA expressly provide that parties who settle with the United States or any state are free from claims for contribution. The relevant subsection reads:

A person who has resolved its liability to the United States or a State in an administrative or judicially approved settlement shall not be liable for claims for contribution regarding matters addressed in the settlement. Such settlement does not discharge any of the other potentially liable persons unless its terms so provide, but it reduces the potential liability of the others by the amount of the settlement.

42 U.S.C. § 9613(f)(2) (1988).

The text of CERCLA and its 1986 amendments is silent as to whether the above subsection should apply to private party settlements. Plaintiffs argue that it should.

Courts have recognized a strong federal interest in promoting settlement. *Metropolitan Housing Dev. Corp. v. Arlington Heights*, 616 F.2d 1006, 1013 (7th Cir.1980). This interest is especially pronounced in complex matters such as CERCLA claims, where the amount of evidence to be gathered for assessing liability is voluminous. It is hard to imagine that any defendant in a CERCLA action would be willing to settle if, after the settlement, it would remain open to contribution claims from other defendants. The measure of finality which a cross-claim bar provides will make settlements more desirable. A settling defendant therefore "buys its peace" from the plaintiff, as being relieved of liability to co-defendants frees the settling defendant from the litigation. *Edward Hines Lumber Co. v. Vulcan Materials Co.*, No. 85 C. 1142, 1987 WL 27368 (N.D.Ill. Dec. 4, 1987) (1987 U.S. Dist. LEXIS 11961). The court finds that the degree to which a bar on contribution cross-claims will facilitate settlement outweighs the prejudice of such a bar on non-settling defendants. Accordingly, the court grants this aspect of the motions of Plaintiffs and Defendants Hydrosol and Henkel.

■ The second issue before the court is the extent to which non-settling defendants' liability should be offset. Plain-

tiffs [1] urge the court to follow the approach of the Illinois Uniform Contribution Act, which is modeled after the Uniform Contribution Among Tortfeasors Act (UCATA). *Van Jacobs v. Parikh,* 97 Ill.App.3d 610, 52 Ill.Dec. 770, 422 N.E.2d 979 (1981). Under the UCATA, the liability of non-settling defendants is reduced by the amount stipulated by the release or covenant, or the amount of the consideration paid for it, whichever is greater. Unif. Contrib. Among Tortfeasors Act § 4, 12 U.L.A. 63 (1975). Plaintiffs also argue that the UCATA approach should apply because Section 9613(f)(2) of CERCLA is modeled after the UCATA. However, as described earlier in this opinion, that section expressly applies to settlements with the federal or state government, and the statute is silent as to its applicability to private party settlements.

The Uniform Comparative Fault Act (UCFA) expressly provides for the application of comparative fault in strict liability actions. *Lyncott Corp. v. Chemical Waste Mgmt., Inc.,* 690 F.Supp. 1409, 1418 (E.D.Pa.1988). Section 6 of the UCFA provides that the liability of non-settling defendants shall be reduced by the amount of the settling defendant's equitable share of the obligation. Unif. Comparative Fault Act § 6, 12 U.L.A. 37, 50 (Supp.1988). At least three federal district courts have held that the principles of the UCFA, rather than the UCATA, are most consistent with CERCLA. *Lyncott,* 690 F.Supp. at 1417–18; *Hines Lumber,* No. 85 C 1142, 1987 WL 27368 (N.D.Ill. Dec. 2, 1987) (1987 U.S. Dist. LEXIS 11961); *U.S. v. Conservation Chemical Co.,* 628 F.Supp. 391, 401 (W.D.Mo.1985).

Because the principal basis for this action is a federal statute, CERCLA, federal law—including case law of federal courts—is controlling. Plaintiffs argue that the presence of state claims in this case means that the court should look to state law, including the Illinois Uniform Contribution Act, in ruling on the motions before it. The court rejects this argument and instead adopts the premise of the *Lyncott* court: a uniform federal rule regarding contribution should be adopted so that consistent principles of contribution and allocation of damages develop in CERCLA actions. *Lyncott,* 690 F.Supp. at 1417. Therefore, the court refuses to follow the Illinois Uniform Contribution Among Tortfeasors Act, and instead follows the comparative fault rule of the UCFA.

Another advantage of the comparative fault rule is that it does not require that the court conduct a hearing to determine the settlement's fairness to non-settling defendants. *Hines Lumber,* No. 85 C 1142, 1987 WL 27368 (N.D.Ill., Dec. 2, 1987) (1987 U.S. Dist. LEXIS 11961). In a complex case such as this one, a fairness hearing would be long and arduous. Holding a hearing in this case would negate the benefits, such as finality and reduced cost, which a settlement otherwise offers to the settling parties. *Id.* The comparative fault rule protects non-settling defendants by assuring them that they will not be liable for more than their equitable share as finally determined at the close of litigation. Thus, the need for a fairness hearing is negligible, especially relative to its potential harm to the settlement process.

## CONCLUSION

For the reasons set forth herein, the court grants in part and denies in part the motions of Plaintiffs and Defendants Hydrosol and Henkel. The court orders that all defendants are barred from making any existing or future cross-claims for contribution against Defendants Hydrosol and Henkel. The court further orders that the liability of all defendants other than Hydrosol and Henkel shall be reduced by the amount of Hydrosol's and Henkel's equitable share of liability, as is later determined in the litigation of this case.

---

**1.** Defendants Hydrosol and Henkel do not join    in this portion of the motions.