SALLY PODGORSKI PORTER, Special Adm'r of the Estate of Arthur M. Podgorski, Deceased, Plaintiff-Appellant, *v.* FORD MOTOR COMPANY, Defendant-Appellee.

First District (4th Division)    No. 80-2608

Opinion filed December 31, 1981.

Leonard M. Ring & Associates, of Chicago (Leonard M. Ring and Judith E. Fors, of counsel), for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Thomas F. Tobin, and Richard H. Donohue, of counsel), for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

Sally Podgorski Porter, special administrator of the estate of her deceased husband, Arthur M. Podgorski, brought this action against the Ford Motor Company to recover damages for breach of certain implied warranties in the design and manufacture of a 1972 Ford Pinto station wagon. (Ill. Rev. Stat. 1979, ch. 26, pars. 2—314, 2—315.) Arthur Podgorski was fatally injured when the 1972 Ford Pinto station wagon which he was driving was struck by a vehicle driven by Charles Rainwater.

Immediately after the accident, a lawsuit was filed on behalf of Podgorski's estate by its administrator, the National Bank of Bloomington.

The action sought recovery from Charles Rainwater. As a result of this litigation, National Bank of Bloomington on behalf of the estate entered into and executed an "Administrator's Release" on February 9, 1977. The language of this release will be considered momentarily.

On October 11, 1978, the instant cause of action was filed against the Ford Motor Company. Ford moved to dismiss the complaint on the grounds that the release executed on February 9, 1977, operated as a bar to any and all claims arising out of the accident on October 12, 1974. The trial court granted the defendant's motion to dismiss on these grounds.

The sole issue presented for review is whether the trial court was correct in holding that the "Administrator's Release" given in settlement of the prior lawsuit operates as a bar to the instant action against the Ford Motor Company. Our task as a reviewing court when confronted with such an issue is to construe the express terms of the "Administrator's Release" and give these terms their appropriate legal effect. (*Florkiewicz v. Gonzalez* (1976), 38 Ill. App. 3d 115, 347 N.E.2d 401.) The relevant terms of the release are as follows:

> "KNOW ALL MEN BY THESE PRESENTS, that the undersigned, National Bank of Bloomington, as Administrator of the Estate of Arthur M. Podgorski, deceased, in consideration of the payment of the sum of Forty Nine Thousand and no/100 Dollars ($49,000.00) to me in hand paid by Charles W. Rainwater and State Farm Insurance Company, the receipt of which is hereby acknowledged, the undersigned does hereby release, acquit and discharge the said Charles W. Rainwater and State Farm Insurance Company and any person, firm or Corporation liable in his stead of any and from all claims of action, causes of action, damages or demand of whatever name or nature in any manner arisen, arising or to grow out of any and all occurrences and especially due to the death of Arthur M. Podgorski, which occurred October 12, 1974 at or near Saybrook, Illinois."

We believe that the language of the document is clear and unambiguous. (4 Williston, Contracts §609, at 403 (3d ed. 1961).) The document is entitled "Release." The intent of the parties to the document is to "release, acquit and discharge." The things released are "all claims of action, causes of action, damages or demand of whatever name or nature in any manner arisen, arising or to grow out of any and all occurrences and especially due to the death of Arthur M. Podgorski * * *." The beneficiaries of the Release are "Charles W. Rainwater and State Farm Insurance Company and any person, firm or corporation liable in his stead."

A document, like the above, which has unqualified language of release; which releases all causes of action; and which releases both the direct beneficiary of the release and "any person, firm or corporation

liable in his stead" is known as a full release. (*Artoe v. Navajo Freight Lines, Inc.* (1978), 65 Ill. App. 3d 119, 382 N.E.2d 492.) The legal effect of a full release is twofold. First, a full release of one indivisible injury to any of those concurring in its cause releases both joint and independent concurrent tortfeasors. (*Artoe v. Navajo Freight Lines, Inc.* (1978), 65 Ill. App. 3d 119, 123, 382 N.E.2d 492, 496.) Second, a full release acts as a complete satisfaction for a single, indivisible injury. (*Alberstett v. Country Mutual Insurance Co.* (1979), 79 Ill. App. 3d 407, 398 N.E.2d 611.) It serves as a final bar to further legal action on the part of the plaintiff because in the eyes of the law all of the plaintiff's injury is compensated. Those tortfeasors paying for the satisfaction can be said to have paid as well for the damages, if any, caused by nonpaying negligent parties. *Alberstett v. Country Mutual Insurance Co.* (1979), 79 Ill. App. 3d 407, 410, 398 N.E.2d 611, 613.

■■ Applying the above law to the facts in this case, we believe that the trial court was correct in holding that the "Administrator's Release" given in settlement of the prior lawsuit operates as a bar to the instant action against the Ford Motor Company. There is no reservation contained in the release or qualified language which would lead us to conclude otherwise.

The plaintiff makes a cogent argument in an attempt to stave off this rather inevitable conclusion that under Illinois law the immediate case is barred by the full release. The plaintiff has conceded that none of his cited cases involve a full release so are not factually consistent with the instant cause. However, the plaintiff still argues that we should limit our inquiry to the intent of the parties to the release and not consider the words of the integrated writing as controlling. The plaintiff contends that the term "release" and the words used in the release should not have the strict, formalistic legal result of barring all further causes of action. Rather, the plaintiff urges us to conclude that only the immediate parties to the instrument should be released.

We do not agree with the plaintiff that we should retreat from the traditional rule which has long and consistently been applied in Illinois that the release of one joint tortfeasor releases all. (*Guth v. Vaughan* (1923), 231 Ill. App. 143; *Tidwell v. Smith* (1960), 27 Ill. App. 2d 63, 169 N.E.2d 157.) However, we note that the result for which the plaintiff argues can now be achieved under Illinois law which post-dates the instant cause of action. Ill. Rev. Stat. 1979, ch. 70, par. 302(c).

For the above reasons we affirm the judgment of the circuit court.

Affirmed.

ROMITI, P. J., and LINN, J., concur.