ROBERT CRAM, Plaintiff-Appellant, v. DR. JOHN F. SHOWALTER *et al.*,
Defendants-Appellees.

Second District No. 84—1174

Opinion filed February 5, 1986.—Modified on denial of rehearing and supplemental opinion filed on March 13, 1986.

H. Kent Heller, of Harlan Heller, Ltd., of Naperville, for appellant.

William F. Cunningham and John Duncker, both of O'Reilly, Cunningham, Duncan & Huck, of Wheaton, for appellees.

JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, Robert Cram, alleged in an amended complaint that defendants, Dr. John F. Showalter and Wheaton Orthopedics, Ltd. (Showalter), negligently treated his fractured leg. Specifically, he alleged that defendants surgically removed internal fixation devices from his leg and that he discovered an increased deformity in the angulation of the leg and that the fracture was failing to properly heal. Defendants moved to dismiss on the basis that plaintiff executed a release in settlement of all claims that plaintiff had as a result of an automobile accident, and that this release bars plaintiff's cause of action against defendants because the cause of action is based upon alleged malpractice in connection with the treatment of the injury plaintiff received in the automobile accident. Plaintiff appeals from the granting of defendants' motion to dismiss.

The issues presented by plaintiff on review are: (1) whether the release given to plaintiff bars relief against defendants, doctor and clinic, because the release in the case at bar postdated the release in *Trexler v. Chrysler Corp.* (1984), 104 Ill. 2d 26, and this cause was pending at the time of the supreme court decision in that case; (2) even if *Trexler* does not control this case defendants are not entitled to the benefit of the release given by plaintiff to the driver of the vehicle because defendants are not joint tortfeasors with the driver; and, (3) the intention of the parties to the release as to who was released is a question of fact for the jury.

Defendants alleged in the memorandum in support of their motion to dismiss that plaintiff was involved in an automobile accident with Mary Schoder, that Schoder was responsible for plaintiff's original injury, and that plaintiff brought suit against her alleging negli-

gence. Defendants also alleged that plaintiff and Schoder settled and that plaintiff executed a release on August 31, 1981, which stated in part:

> "I/we hereby release and discharge Mary Schoder and Allstate Insurance Company, his or their heirs, administrators, executors, successors and assigns, and all other persons, firms or corporations who are or might be liable, from all claims of any kind or character which I/we have or might have against him or them, and especially because of all damages, losses or injuries to person or property, or both, whether developed or undeveloped, known or unknown, resulting or result from accident on or about the 28th day of January 1979 at or near Morton Road and North Avenue, in the County of DuPage, and State of Illinois, and I/we hereby acknowledge full settlement and satisfaction of all claims of whatever kind or character which I/we may have against him or them by reason of the above mentioned damages, losses or injuries. \*\*\* It is further understood and agreed that the payment of said amount is not to be construed as an admission of liability upon the part of said persons, firms or corporations; liability being by him or them expressly denied.
>
> All agreements and understandings between the parties hereto are embodied and expressed herein and the terms of this release are contractual and not a mere recital."

Defendant Showalter averred in an affidavit in support of defendants' motion to dismiss that he treated plaintiff's leg which was injured as a result of plaintiff's automobile accident with Mary Schoder, and that the surgical procedure he performed was necessary to remove the fixation devices he had used in an earlier operation that were required to treat plaintiff's fracture. In the other supporting affidavit, an Allstate Insurance Company representative averred that plaintiff's suit against Schoder was settled and that plaintiff gave Schoder and Allstate a release.

Plaintiff did not file counteraffidavits but argued that *Alsup v. Firestone Tire & Rubber Co.* (1984), 101 Ill. 2d 196, which held prospectively that a broadly worded general release will not satisfy the conditional language of section 2(c) of the Contribution Act (Ill. Rev. Stat. 1979, ch. 70, par. 302(c)), was controlling here.

Defendants' motion to dismiss was granted on the basis of the law in effect before *Alsup.* Plaintiff appeals, contending that *Alsup* is applicable, and alternatively, even if inapplicable, under the law of releases prior to *Alsup,* defendants were not released because

defendants were not joint tortfeasors and because defendants' alleged malpractice resulted in a separate and distinct injury. Plaintiff further argues that it did not intend to release defendants.

In light of our disposition, we need not discuss plaintiff's reliance upon *Alsup*. Plaintiff argues the release did not discharge the defendants because they were not joint tortfeasors with Schoder. Plaintiff primarily relies upon *Anderson v. Martzke* (1970), 131 Ill. App. 2d 61, 266 N.E.2d 137, which held that the defendant's doctor was not released where the injury that the plaintiff received from him was separate and distinct from the injury that the plaintiff received from the other defendants to whom a release had been given. Defendants distinguish *Anderson* by arguing that in the instant case the alleged injury inflicted by defendants resulted from allegedly negligent treatment of the injury sustained in the automobile accident. Defendants assert that the injuries are not distinct and that under *Guth v. Vaughan* (1923), 231 Ill. App. 143, defendant should be found to be released from liability for aggravation of the original injury.

*Guth* and *Anderson* were decided under the common law rule that a release of one joint tortfeasor releases all joint or independent concurring tortfeasors whose tortious acts concurred in the same single, indivisible injury, and where separate tortious conduct results in a separate and distinct injury, the release of one tortfeasor does not release another tortfeasor. (*Anderson v. Martzke* (1970), 131 Ill. App. 2d 61, 67, 266 N.E.2d 137, 140-41.) In *Guth* the appellate court concluded that a general release of the motorist Florsheim by the injured plaintiff Guth also released the physician Vaughan against whom Guth's alleged malpractice in the treatment of the injuries allegedly inflicted by Florsheim. Without citation to any authority the court reasoned in making its holding that:

> "It follows, therefore, that if there had been evidence that Florsheim was liable for the injury to the plaintiff, he would have been liable for the effects of the alleged malpractice of the defendant and that the release which was given to Florsheim would be a bar to the present suit by the plaintiff against the defendant." (*Guth v. Vaughan* (1923), 231 Ill. App. 143, 150.)

(Accord, *Janusz v. Eastman* (1937), 289 Ill. App. 618, 7 N.E.2d 507 (abstract of opinion); see also *Tidwell v. Smith* (1960), 27 Ill. App. 2d 63, 169 N.E.2d 157.) While *Guth* and *Janusz* have never been specifically overruled, we now decline to follow them.

■ While in this State, and generally, a person injured through

another's negligence can recover not only for the original injury but for any aggravation of the injury caused by a physician's malpractice (*Gertz v. Campbell* (1973), 55 Ill. 2d 84, 88), this does not make the tortfeasors "joint" tortfeasors (55 Ill. 2d 84, 88-89). It appears that a sizeable number of courts now support a modern rule that a release by an injured party of the one responsible for the injury does not of itself, in the absence of language indicative of such intention on the part of the parties, preclude an action by the injured party against the negligently treating physician or surgeon, at least unless there has been full compensation for the injured party's total injuries. Annot., 39 A.L.R.3d 260, 264 (1971).

■■ ■ Just as a release of one joint tortfeasor releases all joint tortfeasors, those concurrently liable for a single indivisible injury are similarly released. (*Porter v. Ford Motor Co.* (1981), 103 Ill. App. 3d 848, 431 N.E.2d 1261, *aff'd* (1983), 96 Ill. 2d 190.) But a release of one tortfeasor does not act as a bar to an action against another tortfeasor whose separate tortious conduct results in a separate and distinct injury. A release given a nontortfeasor does not release another who may be a tortfeasor. (See *Clear-Vu Packaging, Inc. v. National Union Fire Insurance Co.* (1982), 105 Ill. App. 3d 671, 675, 434 N.E.2d 365.) If a doctor negligently treats a preexisting injury, he has committed a tort that is separate and distinct from the tort allegedly committed by the first wrongdoer (*Borowski v. Von Solbrig* (1973), 14 Ill. App. 3d 672, 303 N.E.2d 146), and they are not joint tortfeasors. *Borowski v. Von Solbrig* (1975), 60 Ill. 2d 418.

Here, as in *Borowski*, there was no concert in the conduct of the tortfeasor and defendant and neither had control over the acts of the other and the plaintiff's cause of action is based on violations of different duties owed plaintiff by the original tortfeasor and by defendants. The wrongful conduct and the injuries sustained were at different times. See *Gertz v. Campbell* (1973), 55 Ill. 2d 84, 89.

■■ ■ We conclude that when plaintiff released Schoder "and all other persons from all claims," the release did not, as a matter of law, include within its scope the separate and distinct injury caused by the alleged malpractice of the defendants physician and clinic, since the tort of the defendants was separate and distinct from that of Schoder who was specifically identified. In Illinois when an instrument contains recitals of, or other reference to specific claims (as against Schoder in the instant case) and also words of general release, the words of general release are limited to the particular claims to which reference is made. *Gladinus v. Laughlin* (1977), 51

Ill. App. 3d 694, 696, 366 N.E.2d 430.

The judgment of the circuit court of Du Page County is reversed and the cause remanded.

Reversed and remanded.

SCHNAKE and STROUSE, JJ., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

JUSTICE LINDBERG delivered the opinion of the court:

■ In their petition for rehearing, defendants premise their arguments on the existence of a single injury required for the application of section 302(c) of the Contribution Act (Ill. Rev. Stat. 1979, ch. 70, par. 302(c)). In the case at bar, the injuries inflicted by the motorist tortfeasor and the medical tortfeasors were separate and distinct injuries (see *Borowski v. Von Solbrig* (1973), 14 Ill. App. 3d 672, 303 N.E.2d 146; see also *Borowski v. Von Solbrig* (1975), 60 Ill. 2d 418) and not the "same injury" as required by the Contribution Act (Ill. Rev. Stat. 1979, ch. 70, par. 302(c); see *Roberts v. Heilgeist* (1984), 124 Ill. App. 3d 1082, 465 N.E.2d 658; see also *Morgan v. Kirk Brothers* (1982), 111 Ill. App. 3d 914, 444 N.E.2d 504). Further, defendants' liability in tort does not arise out of the "same injury" even though the original tortfeasor may be responsible for the subsequent foreseeable negligence of the physician (*Chicago City Ry. v. Saxby* (1904), 213 Ill. 274, 281), and may bring an action to be indemnified for the damages attributable to the physician's malpractice. (*Gertz v. Campbell* (1973), 55 Ill. 2d 84, 88; see *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, *modified* (1978), 70 Ill. 2d 16, *cert. denied sub nom. Hinckley Plastic, Inc. v. Reed Prentice Division Package Machinery Co.* (1978), 436 U.S. 946, 56 L. Ed. 2d 787, 98 S. Ct. 2849. For the foregoing reasons and our analysis in the original opinion, *Alsup v. Firestone Tire & Rubber Co.* (1984), 101 Ill. 2d 196, is inapposite to the case at bar. We deny defendants' petition for rehearing and adhere to our original opinion.

SCHNAKE and STROUSE, JJ., concur.