MAYHEW STEEL PRODUCTS, INC., Plaintiff-Appellant, v. MAX HIRSCHFELDER, Defendant-Appellee.

Fifth District No. 5—86—0070

Opinion filed December 3, 1986.

Walker & Williams, P.C., of Belleville (John B. Gunn and Jeffrey S. Hebrank, of counsel), for appellant.

Richard F. Record, Jr., of Craig & Craig, of Mattoon, for appellee.

JUSTICE KARNS delivered the opinion of the court:

Plaintiff, Mayhew Steel Products, Inc., appeals from a judgment of the circuit court of Marion County granting defendant's, Dr. Max Hirschfelder's, motion to dismiss plaintiff's two-count complaint for contribution and, in the alternative, equitable apportionment.

On May 5, 1982, Earl Dwayne Hunter filed a complaint against

Mayhew seeking damages for an eye injury sustained as a result of plaintiff's negligence in producing a defective metal punch. Count II of the complaint alleged that Hirschfelder had committed malpractice in treating the injury. Mayhew filed a counterclaim against Hirschfelder seeking contribution and equitable apportionment. On October 1, 1984, Hunter and Mayhew reached an out-of-court settlement in which Mayhew agreed to pay Hunter $162,500. Third-party defendant, Wedekemper, Inc., Hunter's employer, paid an additional settlement of $37,500 to Hunter. No longer a party to the suit filed by Hunter, Mayhew moved for voluntary dismissal of its counterclaim against Hirschfelder. The cause between Hunter and Hirschfelder proceeded to trial, and a verdict was entered in favor of Hunter and against Hirschfelder in the amount of $335,436. The trial court granted Hirschfelder a setoff for the $200,000 settlement from Mayhew and Wedekemper. On September 26, 1985, Mayhew filed a complaint against Hirschfelder alleging that it had paid more than its *pro rata* share of the jury verdict and was entitled to contribution and, in the alternative, equitable apportionment of damages. Mayhew appeals from the judgment of the trial court dismissing its action with prejudice.

■■ The first issue is whether the trial court erred in dismissing count I of Mayhew's complaint requesting contribution from Hirschfelder. Mayhew contends that it paid mᵤ_ɜ than its *pro rata* share of the common liability and is, therefore, entitled to contribution. While both parties raise several arguments with regard to the propriety of the dismissal of count I, we believe that this issue can be decided on the basis of section 2(e) of "An Act in relation to contribution among joint tortfeasors" (Contribution Act) (Ill. Rev. Stat. 1985, ch. 70, par. 302(e)), which provides:

> "A tortfeasor who settles with a claimant pursuant to paragraph (c) is not entitled to recover contribution from another tortfeasor whose liability is not extinguished by the settlement."

The record is devoid of evidence showing that the settlement reached between Mayhew and Hunter extinguished Hirschfelder's liability. (See *DeVore v. Peoria Industrial Piping Co.* (1985), 135 Ill. App. 3d 966, 969-70, 482 N.E.2d 653, 656.) In light of the fact that Hunter proceeded to trial with his cause of action and obtained a judgment against Hirschfelder, it is reasonable to assume that the settlement did not extinguish Hirschfelder's liability to Hunter. Therefore, the trial court did not err in dismissing count I of Mayhew's complaint.

■■ ■ The second issue is whether the trial court erred in dis-

missing count II of Mayhew's complaint seeking equitable apportionment of damages. The dispositive inquiry is whether the Contribution Act (Ill. Rev. Stat. 1985, ch. 70, par. 301 *et seq.*) replaces rather than supplements the common law concept of equitable apportionment. We believe that it does. In *Allison v. Shell Oil Co.* (1986), 113 Ill. 2d 26, 495 N.E.2d 496, the supreme court recently held that, following adoption of the Contribution Act, active-passive indemnity is no longer a viable doctrine for shifting the entire cost of tortious conduct from one tortfeasor to another. In reaching this decision, the court emphasized that it expressed no opinion on the continued vitality of implied indemnity "arising from third-party plaintiffs' solely vicarious liability" (113 Ill. 2d 26, 35, 495 N.E.2d 496, 501) or premised upon the "would-be indemnitees' vicarious liability for the conduct of their indemnitor" (113 Ill. 2d 26, 27, 495 N.E.2d 496, 497). This court has held that the Contribution Act has extinguished all actions for implied indemnity. (*535 North Michigan Condominium Association v. BJF Development, Inc.* (1986), 143 Ill. App. 3d 749, 753, 493 N.E.2d 111, 114; *Holmes v. Sahara Coal Co.* (1985), 131 Ill. App. 3d 666, 675-76, 475 N.E.2d 1383, 1389-90.) Partial indemnification based upon equitable apportionment focuses upon the severability of the injury and is typically applied to situations where a second tortfeasor inflicts an injury successive to the one caused by the original tortfeasor. (*Gertz v. Campbell* (1973), 55 Ill. 2d 84, 302 N.E.2d 40; *DeVore v. Peoria Industrial Piping Co.* (1985), 135 Ill. App. 3d 966, 970, 482 N.E.2d 653, 656-57.) The doctrine allows the original tortfeasor to recoup that portion of the damages attributable to the conduct of the second tortfeasor. (*Gertz v. Campbell* (1973), 55 Ill. 2d 84, 302 N.E.2d 40; *Van Jacobs v. Parikh* (1981), 97 Ill. App. 3d 610, 614, 422 N.E.2d 979, 982.) Although in *Van Jacobs* the court did not specifically state that the Contribution Act extinguished actions based upon equitable apportionment, it did note that under the Act the "*Gertz*-type plaintiff may sue for contribution for damages attributable to the successive injury caused by the second tortfeasor." (97 Ill. App. 3d 610, 614, 422 N.E.2d 979, 982.) Unlike the common law contribution requirement that tortfeasors be jointly and severally liable, the language of the Contribution Act is broad and requires only that the tortfeasors be subject to liability for the same injury. (*Van Jacobs v. Parikh* (1981), 97 Ill. App. 3d 610, 614, 422 N.E.2d 979, 982.) Consistent with the views expressed in *Holmes v. Sahara Coal Co.* (1985), 131 Ill. App. 3d 666, 675-76, 475 N.E.2d 1383, 1389-90, we conclude that the Contribution Act also extinguishes actions couched in terms of equitable apportionment.

Mayhew cites *Cram v. Showalter* (1986), 140 Ill. App. 3d 1068, 489 N.E.2d 892. While *Cram* refers to the Contribution Act in its supplemental opinion, we disagree with the court's statement that an original tortfeasor can bring an action to be indemnified for the damage attributable to a subsequent tortfeasor. (140 Ill. App. 3d 1068, 1073, 489 N.E.2d 892, 895-96.) Mayhew's reliance upon this decision is misplaced insomuch as the *Cram* court was concerned with the *tort victim's* right to bring an action against one tortfeasor, whose conduct results in a separate and distinct injury, subsequent to the release of another tortfeasor. 140 Ill. App. 3d 1068, 1072, 489 N.E.2d 892, 895.

In light of the determinations reached above that Mayhew's failure to obtain a release extinguishing both its liability and Hirschfelder's liability to Hunter bars a cause of action for contribution and that the Contribution Act replaces the common law concept of equitable apportionment, we affirm the trial court's judgment dismissing Mayhew's complaint with prejudice.

Affirmed.

HARRISON and WELCH, JJ., concur.