DAPHNE CLEGGETT, Plaintiff, v. JOSE ZAPIANIN, Defendant and Third–Party Plaintiff-Appellant (Robert Harmeyer, Third–Party Defendant-Appellee; Roman Walczynski *et al.*, Third-Party Defendants).

First District (3rd Division)   No. 1—87—2378

Opinion filed August 23, 1989.—Rehearing denied September 25, 1989.

Leonard M. Ring & Associates, of Chicago (Leonard M. Ring and Margaret A. McGuire, of counsel), for appellant.

Kiesler & Berman, of Chicago (Mark S. Vilimek and Dale L. Schlafer, of counsel), for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Defendant and third-party plaintiff, Jose Zapianin (Zapianin), appeals from an order of the circuit court of Cook County which dismissed with prejudice his third-party complaint filed against Dr. Robert Harmeyer (Harmeyer). On appeal, Zapianin argues that the trial court erred when it held that the Contribution Act (Ill. Rev. Stat. 1985, ch. 70, par. 301 *et seq.*) barred his action for implied indemnity based on equitable apportionment. We affirm.

In October 1979, Zapianin was involved in an automobile accident with plaintiff, Daphne Cleggett (Cleggett). Cleggett sustained personal injuries and was treated by Harmeyer. Cleggett filed a complaint against Zapianin seeking damages for the injuries sustained as a result of the accident. Zapianin filed a third-party complaint for implied indemnity based on equitable apportionment against Harmeyer and the other physician who treated Cleggett following the accident. The underlying case between Cleggett and Zapianin was settled and a release executed in April 1985. Neither Harmeyer nor any of the other third-party defendants were named in the release.

Harmeyer filed a motion to dismiss Zapianin's complaint based upon the Contribution Act, which provides in pertinent part:

"(c) When a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide ***.

***

(e) A tortfeasor who settles with a claimant pursuant to paragraph (c) is not entitled to recover contribution from another tortfeasor whose liability is not extinguished by the settlement." (Ill. Rev. Stat. 1985, ch. 70, par. 302.)

The trial court initially denied Harmeyer's motion to dismiss. Harmeyer filed a motion for reconsideration based upon the case of *Mayhew Steel Products, Inc. v. Hirschfelder* (1986), 150 Ill. App. 3d 328, 501 N.E.2d 904. After reconsideration, the trial court dismissed Zapianin's third-party complaint with prejudice. This appeal followed.

The sole issue for decision on appeal is whether the trial court erred in dismissing Zapianin's complaint. Zapianin contends that the Contribution Act did not apply to his case at the time the release was

executed. Zapianin further contends that because the *Mayhew* decision overruled past precedent and extinguished the implied indemnity based on equitable apportionment remedy, it should not be applied retroactively to bar his action. Because Zapianin's position is based on an inaccurate assessment of the law, we disagree.

■ In *Heinrich v. Peabody International Corp.* (1985), 139 Ill. App. 3d 289, 296, 486 N.E.2d 1379, 1384, this court held that the Contribution Act abolished the doctrine of implied indemnity in Illinois. In so ruling, we noted that although contribution and implied indemnity are separate causes of action, both doctrines impose duties which are quasi-contractual in nature. Since the *Heinrich* decision, the rule in Illinois has been that where the parties have not expressly contracted for indemnity, public policy requires that their relationship be governed by the principle of contribution. *Heinrich*, 139 Ill. App. 3d at 297.

The *Heinrich* decision traced the historical evolution of the concept of implied indemnity and its problematic application. In *Heinrich*, we concluded:

> "[T]he historical relationship between indemnity and contribution, the policies supporting the adoption of contribution by our supreme court, the legislature's intent in passing the Contribution Act evidenced by what was said and what was not said, the broad statutory scheme and the specific language of the Act setting forth the general application of contribution [citations], all weigh in favor of a finding that implied indemnity has been abolished." 139 Ill. App. 3d at 302, 486 N.E.2d at 1388.

Contrary to Zapianin's contentions, the *Mayhew* decision did not overrule past precedent, but rather applied the Contribution Act in accordance with the precedent established in earlier cases. The Mayhew court relied on the decisions rendered in *535 North Michigan Condominium Association v. BJF Development, Inc.* (1986), 143 Ill. App. 3d 749, 753, 493 N.E.2d 111, 114, and *Holmes v. Sahara Coal Co.* (1985), 131 Ill. App. 3d 666, 675-76, 475 N.E.2d 1383, 1389-90, when holding that the Contribution Act extinguishes actions based on equitable apportionment. *Mayhew Steel Products, Inc. v. Hirschfelder* (1986), 150 Ill. App. 3d 328, 330, 501 N.E.2d 904, 906.

Zapianin also contends that the *Mayhew* decision and the principle which it stands for, *i.e.*, the abolition of causes of action for implied indemnity based on equitable apportionment, should be applied prospectively. We disagree.

■ There are three factors to be used in determining when a de-

cision in a civil case should be applied prospectively only: (1) a non-retroactive decision must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) consideration of the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation; and (3) equitable considerations of whether there is any injustice or hardship in making the decision retroactive. *Board of Commissioners v. County of Du Page* (1984), 103 Ill. 2d 422, 426-27, 469 N.E.2d 1370, 1372.

■ Here, the *Mayhew* decision did not represent a sudden change in the law, but rather reflected a gradual evolution which was foreshadowed by the Illinois Supreme Court decision in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 374 N.E.2d 437, which established the availability of the contribution remedy in Illinois, and the subsequent legislative enactment of the Contribution Act. Further, the retroactive application of *Mayhew* furthers the purpose of the Contribution Act by encouraging settlement. Finally, because the *Mayhew* court was not the first to hold that the Contribution Act extinguished actions for implied indemnity, there is no injustice in retroactive application of the decision.

Accordingly, we find that the trial court did not err in dismissing Zapianin's third-party complaint against Harmeyer for implied indemnity based on equitable apportionment.

The judgment of the circuit court is therefore affirmed.

Affirmed.

FREEMAN, P.J., and McNAMARA, J.,* concur.

---

*Justice McNamara participated in this opinion prior to his assignment to the sixth division.