**AMERICAN CYANAMID COMPANY and Rohm & Haas Company**

**v.**

**KING INDUSTRIES, INC., et al.**

**Civ. A. No. 87–0110 P.**

United States District Court, D. Rhode Island.

March 1, 1993.

Deming E. Sherman, Edwards & Angell, Providence, RI, for plaintiffs.

Amato A. Deluca, Mandell, Goodman, DeLuca & Schwartz, Providence, RI; Michael V. Burns, Westport, CT; Paul V. Reynolds, Boyer, Reynolds & DeMarco, Ltd., Providence, RI; Roy P. Giarrusso, Louis N. Massery, Boston, MA; George David Caruolo, Pass, Caruolo & Conley, East Providence, RI; Bruce D. Todesco, Mark O. Denehy, Adler Pollock & Sheehan, Inc.; John A. Baglini, Higgins & Slattery, Providence, RI; Jaclyn McKenney, Serino, Young, Ley & Grumbach; John J. Barton, Pamela C. Slater, Taylor, Anderson & Travers, Boston, MA; Robert G. Flanders, Jr., Flanders & Medeiros, Providence, RI; Peter John Sacripanti, Sidley & Austin, New York City; Berndt W. Anderson, Roberts, Carroll, Feldstein & Peirce, Inc., Providence, RI; Theodore L. Garrett, Anthony Herman, Covington & Burling, Washington, DC; Mark T. Nugent, Rice, Dolan & Kershaw, Providence, RI; Michael A. Leon, Ralph T. Lepore, III; Janice Kelley Rowan, Warner & Stackpole, Boston, MA; Thomas C. Plunkett, Kiernan, Plunkett & Redihan; William R. Landry, Blish & Cavanagh, Providence, RI; Richard R. Steinmetz, R. Bradford Fawley, Murtha, Cullina, Richter & Pinney, Hartford, CT; Christine M. Gravelle, Tillinghast, Collins & Graham; Gregory L. Benik, McGovern, Noel & Benik; and Gerald J. Petros, Hinckley, Allen, Snyder & Comen, Providence, RI, for defendants.

Paul V. Reynolds, Boyer, Reynolds & DeMarco, Ltd., Providence, RI, for cross-claimant.

Louis N. Massery, Boston, MA, for cross-defendant.

## MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

Plaintiffs American Cyanamid Company and Rohm & Haas have filed a motion for approval of settlements and dismissal of cross-claims against four defendants in this contribution action under § 113(f)(1) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. 9601 et seq. For the reasons stated below, that motion is granted.

### I.

Plaintiffs claim that they have reached settlement in principle with four defendants in this action: Con–Lux Coatings, Hercules, Keuffel & Esser, and M & T Chemicals, Inc. ("potential settling defendants"). Plaintiffs seek court approval of the settlements with these defendants, thus releasing them from the case.

Virtually all of the remaining non-settling defendants oppose dismissal of the potential settling defendants and entry of any settlement agreements.[1] The non-settling defendants claim that they have outstanding cross-claims against the potential settling defendants that remain viable despite any settlements. They are also troubled that the

---

1. Of the non-settling defendants, only Hammermill Paper Co. and Mite Corporation do not oppose the plaintiffs' motion.

terms of the settlement agreements have not been disclosed, and that the settlements do not resolve the future costs component of the plaintiffs' complaint. In addition, the non-settling defendants claim that the relief sought by plaintiffs would contravene the equitable principles embodied in CERCLA § 113(f)(1)'s allocation scheme.

According to plaintiffs, the contentions of the non-settling defendants with respect to any cross-claims are contrary to federal common law in contribution actions, including contribution actions by private parties under CERCLA. Plaintiffs point to several federal district court decisions that have sanctioned the partial settlement of private CERCLA contribution actions through the application of the Uniform Comparative Fault Act ("UCFA"), 12 U.L.A. 44 (Supp.1992). The UCFA precludes a non-settling defendant in an action in which it has a right of contribution from other responsible parties from asserting cross-claims for contribution against a settling defendant, but allows the non-settling defendant to offset its liability to the plaintiff by the settling defendant's equitable share of responsibility. UCFA § 6, 12 U.L.A. at 56 (Supp.1992).

In *Edward Hines Lumber Co. v. Vulcan Materials,* No. 85–C–1142, 1987 WL 27368, 1987 U.S.Dist.LEXIS 11961 (N.D.Ill. Dec. 4, 1987), the plaintiff and two defendants sought court approval of settlement agreements to dismiss with prejudice the two defendants from a CERCLA private party contribution action. Non-settling defendants opposed approval of those agreements, in part because they believed they would be unable to obtain contribution from one of the settling defendants. In approving the settlements, the court found that federal courts have often applied the comparative fault rule in complex litigation to encourage settlements, and that the rule would be appropriate to encourage settlement in multi-defendant CERCLA actions. *Id.,* 1987 WL 27368 at *2, 1987 U.S.Dist.LEXIS 11961 at *4–5. The court stated:

> By relieving a defendant from any liability to co-defendants, the rule allows the defendant to buy its peace from the plaintiff and thereby free itself completely from the liti-

gation. Further, the rule protects non-settling defendants by assuring that their liability will reflect only their responsibility for the cleanup costs, regardless of the amount the settling defendant tendered to the plaintiff. *Id.,* 1987 WL 27368 at * 2, 1987 U.S.Dist.LEXIS 11961 at *5 (citation omitted).

Similarly, in *United States v. Western Processing Co.,* 756 F.Supp. 1424 (W.D.Wash. 1990), the district court followed the UCFA in a third-party contribution action. *Western Processing* involved the entering of settlement agreements between plaintiffs and numerous defendants. Those settlement agreements were opposed by non-settling co-defendants on the basis that the non-settling defendants had unresolved, outstanding cross-claims against the settling defendants. In applying the UCFA, the Court found that all claims for response costs or contribution by any remaining co-defendant against any settling defendant arising out of claims asserted by the plaintiffs were dismissed with prejudice. *Id.* at 1433. The court held that any claims by plaintiffs against the remaining non-settling defendants would be reduced by the amount of each settling defendants' equitable share of liability, as equitable shares are determined at trial. *Id.*

The Court in *Comerica Bank–Detroit v. Allen Industries, Inc.,* 769 F.Supp. 1408 (E.D.Mich.1991), also added "its voice to the growing chorus of federal courts which have applied the Uniform Comparative Fault Act to CERCLA settlements …" *Id.* at 1414. In this CERCLA case, the plaintiff Comerica sought to have the district court enter a consent decree between itself and one of the defendants, General Motors. Under the Comerica/GM agreement, the parties agreed that GM would be released from liability from all of Comerica's claims against GM, and that GM would be released from all the cross claims for indemnity brought against GM by the rest of the defendants in the case. While the Court recognized that the CERCLA statute itself did not provide contribution protection for private parties, it nevertheless concluded that "the federal common law's use of the Uniform Comparative Fault Act provides contribution protection to GM in the

case of its settlement with Comerica." 769 F.Supp. at 1415. The court stressed that Comerica's recovery against any other of the non-settling defendants, if any, "will be reduced by whatever amount is determined to be GM's liability," when it comes time to apportion liability between all of the parties. *Id.*

■ These cases and others,[2] convince me that the comparative fault rule of the UCFA should be applied to the case at hand. I believe, as other courts have recognized, that this rule will advance CERCLA's policy of encouraging settlements, while achieving an equitable apportionment of liability for the non-settling parties. *See, e.g., Western Processing,* 756 F.Supp. at 1426; *Comerica Bank–Detroit,* 769 F.Supp. at 1414. The UCFA also obviates the need for a good faith hearing to evaluate the settlement agreements because the comparative fault rule is not based upon the amount of the settlement. Moreover, since the plaintiffs bear the risk that the potential settling defendants' share of the cleanup costs may be greater than the settlement amount, it is in the best interests of the plaintiffs to obtain a settlement that is closely related to the probable share for which the potential settling defendants would have been responsible.

I recognize, however, that under this rule a plaintiff will likely advocate its own freedom from fault at trial, as well as minimize the amount of fault attributable to the settler. Also, in certain instances, a plaintiff may not have access to information that the settling defendant might have provided at trial, and thus a distortion in the calculation of the equitable shares could result from the settling party not defending its own interest. *Western Processing,* 756 F.Supp. at 1424. Despite these disadvantages, I believe the UCFA is the appropriate framework for par-

tial settlements of private party CERCLA contribution actions.

To clarify how the UCFA rule will operate in this case, consider the following example. A private party sues five defendants for contribution under § 113(f)(1) of CERCLA. Plaintiff seeks recovery for $100,000 for response costs. One defendant settles for $5,000. At trial, it is determined that each of the five original defendants are liable for an equitable share equaling 10% of the $100,000—or $10,000 per defendant. The plaintiff is found to be liable for 50%—or $50,000. The settling defendant is still responsible for only $5,000. The non-settling defendants, however, may reduce their collective share of liability by the amount of the settling defendant's *equitable* share—in this case, $10,000. Thus, the four non-settling defendants are responsible for $10,000 each, for a total of $40,000. The plaintiff bears the "loss" of $5,000 in contribution recovery as a result of compromising for less than the settling party's equitable share. Conversely, the plaintiff may reap any "windfall" from a settlement with one of the five defendants for more than $10,000, or more than the defendant's equitable share. That is the rub of the green.

■ I note that under the UCFA, settling defendants may not sue non-settling defendants for contribution *unless* the settlement agreement between the plaintiff and settling defendants extinguishes the liability of the non-settling defendants to the plaintiff. UCFA § 4, 12 U.L.A. 53 (Supp.1992); *See Amland Properties Corp. v. Aluminum Company of America,* 808 F.Supp. 1187, 1198 (D.N.J.1992). In this case, plaintiff continues to press its claims against the non-settlers. Thus, the settling defendants may not sue the non-settling defendants for contribution, and any such claims are dismissed with prejudice.[3]

---

**2.** *See United States v. Conservation Chemical Co.,* 628 F.Supp. 391, 402 (W.D.Mo.1985); *Lyncott Corporation v. Chemical Waste Management, Inc.,* 690 F.Supp. 1409, 1418 (E.D.Pa.1988); *Allied Corporation v. Acme Solvent Reclaiming Inc.,* 771 F.Supp. 219, 223 (N.D.Ill.1990).

**3.** So there will be no confusion over what I am stating here, I offer the following hypothetical.

A private party (A) sues three defendants (B, C, D) for contribution. The plaintiff settles with B. Under the terms of that settlement, the plaintiff has relinquished its claims against C, thus extinguishing C's liability. At this point, B may seek contribution from C, but B may not seek contribution from D because the settlement agreement between A and B did not extinguish D's liability.

## II.

The non-settling defendants contend that adoption of the UCFA would be at variance with First Circuit precedent. Their sole support for this argument is a 1989 district court decision from Massachusetts that declared at one point: "Congress made a conscious choice in 1986 not to adopt UCFA principles for CERCLA purposes." *United States v. Cannons Engineering Corp.*, 720 F.Supp. 1027, 1048 (D.Mass.1989), *aff'd*, 899 F.2d 79 (1st Cir.1990).

Reliance upon *Cannons* is grossly misplaced. In that case, Judge Wolf focused on Congress' creation of contribution protection for private parties that settle with the United States or with a State under § 113(f)(2) of CERCLA, 42 U.S.C. 9613(f)(2). Section 113(f)(2) states:

> A person who has resolved its liability to the United States or a State in an administrative or judicially approved settlement shall not be liable for claims for contribution regarding matters addressed in the settlement. Such settlement does not discharge any of the other potentially liable persons unless its terms so provide, but it *reduces the potential liability of the other by the amount of the settlement.* (emphasis added).

The court found that with settlements under § 113(f)(2), the plain language of the statute allowed non-settling defendants in CERCLA cases to reduce their liability only by the *amount of the settlement,* not by the settling defendant's *share of liability.* Thus, in these types of settlement cases, Congress rejected UCFA principles. One reason for adoption of this rule under § 113(f)(2) was to encourage settlements by providing protection to early settlers and subjecting non-settlers to paying the plaintiff's unrecovered costs. 720 F.Supp. at 1048. By contrast, the *Cannons* court noted that other courts had applied the UCFA rule in CERCLA settlement agreements among private parties that did not involve the government. In short, *Cannons* envisioned different contribution rules applicable to CERCLA settlements with federal or state officials under § 113(f)(2), and settlements solely among private parties.

The non-settling defendants also argue that plaintiffs do not have standing to move for dismissal of defendants' cross-claims. They assert that pursuant to Federal Rule of Civil Procedure 41(c), only a cross-claimant may seek dismissal of a cross-claim asserted by it. They also contend that as long as plaintiffs' claim for contribution against any defendant remains outstanding, there is no basis for dismissal of cross-claims by any defendants. With all due respect, I believe these arguments are meritless. The plaintiffs and the four defendants have jointly asked this court to approve their settlements. And for all of the reasons just stated, a court may allow partial settlements in CERCLA contribution actions even though a plaintiff's claim for contribution remains outstanding against other non-settling defendants.

## III.

In conclusion, this court will approve the settlement agreements between the plaintiffs and Con–Lux Coatings, Hercules, Keuffel & Esser, and M & T Chemicals, Inc. All cross-claims for response costs or contribution by any remaining defendant against any of the settling defendants arising out of claims asserted by the plaintiffs are dismissed with prejudice. In addition, any similar cross-claims by the settling defendants against the non-settling defendants arising out of claims asserted by the plaintiffs are also dismissed with prejudice.

With respect to the remaining claims by the plaintiffs against the non-settling defendants, this Court adopts the UCFA rule articulated above. UCFA § 6, 12 U.L.A. at 56 (Supp.1992). Thus, plaintiffs' remaining claims shall be reduced by the amount of each settling parties' equitable share of liability, if any, as equitable shares are determined at trial. Nothing in this order shall affect potential liability of any party for response costs or contribution with respect to future costs. To the extent that it is necessary, this court reserves the right to require the plaintiffs and settling defendants to dis-

close the terms of the settlement agreements *in camera* at a future date.

SO ORDERED.