**FOAMSEAL, INC., et al., Plaintiffs,**

v.

**THE DOW CHEMICAL COMPANY, et al., Defendants.**

No. 96–71129.

United States District Court, E.D. Michigan, Southern Division.

Jan. 30, 1998.

David G. Hetzel, Ronald W. Zdrojeski, David R. Greene, LeBouf, Lamb, Greene, & MacRae, LLP, Hartford, CT, Paul S. Lewandowski, Butzel Long, Detroit, MI, Thomas M. Woods, Freeman, McKenrie, Mt Clemens, MI, for Plaintiffs.

Ruben Acosta, David H. Fink, Fink Zausmer, P.C., Farmington Hills, MI, for Waste Management Inc. & Chemical Waste Mgmt.

Phil Adkinson, Adkinson & Need, Bloomfield, MI, for Village of Leonard.

Richard J. Bahls, Bahls & Shamblin, Lapeer, MI, for Village of Metamora.

Leonard K. Berman, Hainer, Demorest & Berman, PC, Troy, MI, for Bridgestone/Firestone.

Karl S. Bourdeau, Robert Brager, Susan H. Ephron, Bevendge & Diamond, Washington, DC, Ulysses S. Boykin, Matthew R. Halpin, Lewis, Clay & Munday, Detroit, MI, for General Electric.

Kathryn A. Buckner, Seyburn, Kahn, Ginn, Bess, Deitch & Serlin, PC, Southfield, MI, for Metal Cote Chemical, Michlin Chemical, Paint Work, Inc. & Dunlop Collision.

David J. Carney, William E. Coughlin, Kevin P. Hallquist, Calfee, Halter & Griswold, Cleveland, OH, for Dunbarton Corp.

Brian Clark, Chemical Waste Management, Inc., Oak Brook, IL, George F. Curran, III, Stephen E. Handleman, Cummings, McClorey, Davis & Acho, PC, Farmington Hills, MI, for Sawicki & Sons.

Charles M. Denton, Varnum, Riddering, Schmidt & Howlett, LLP, Grand Rapids, MI, for Village of Metamora, Addison Township, Imlay City, Lapeer County Rd Commission, Lapeer Vocational Technical School, Oxford Township, Village of Dryden & Village of Oxford.

Brian D. Devlin, Asst. Attorney General, MI Dept of Attorney General, Environmental Protection Div., Lansing, MI, Frederick J. Dindoffer, Bodman Longley & Dahling, LLP, Detroit, MI, for Metamora Industries, Inc., Abitbi–Price Corp.

Donald R. Dixon, Ferndale, MI, Doug A. Donnell, Mika, Myers, Beckett & Jones, Grand Rapids, MI, for Gage Products.

Christopher J. Dunsky, HonigmanMiller Schwartz & Cohn, Detroit, MI, for Trayco, Inc., Textron, Inc.

Michael S. Elder, Goodwin, Procter & Hoar, Albany, NY, Gary S. Eller, Boothman, Hebert & Eller, Detroit, MI, Thomas J. Fayfer, Paul F. Bohn, Jeffrey S. Jones, Fausone, Taylor & Bohn LLP, Northville, MI, for Stricker Paint.

William D. Gilbride, Jr., Abbott, Nicholson, Quilter, Essahki & Youngblood, Detroit, MI, Carol W. Grombala, Kohl, Secrest, Wardle, Lynch, Clark & Hampton, Farmington Hills, MI, for Precision Coatings.

Michael J. Hainer, Mark S. Demorest, Hainer & Demorest, Troy, MI, Christopher A. Hajek, Gault Davidson, Flint, MI, for Van Etten Disposal.

Brian Herschfus, Wood, Kull, Herschfus,, Lay & Kull, Farmington Hills, MI, for American Jetway.

Leslie Hulse, General Electric, Corporate Environmental Programs, Albany, NY, for General Electric.

Howard E. Jarvis, Woolf, McClane, Bright, Allen & Carpenter, Knoxville, TN, for Firestone Tire.

Nancy L. Kahn, Foster, Swift, Collins & Smith, PC, Farmington Hills, MI, for Frankel Metal.

Michael Kay, Dow Chemical Company, Legal Department, Midland, MI, for Dow Chemical.

Daniel P. King, Pedersen, Keenan, King, Wachseberg & Andrzejak, PC, Farmington Hills, MI, for DeSoto, Argo Paint & Chemical, & Argus Paint Co.

John R. LaParl, Jr., Smith, LaParl & Mequio, PC, Portage, MI, for Township of Metamora.

Gary R. Letcher, Arthur A. Schulcz, Sr., The Harker Firm, Washington, DC, for Akzo Nobel Coatings.

Jeffrey J. Mayer, Raymond & Prokop, PC, Southfield, MI, for BF Goodrich.

Susan E. Morrison, VanderKloot, Rentrop, Martin, Haynes & Morrison, PC, Bloomfield Hills, MI, for Oxford Township.

Michael J. Nolan, Kohl, Harris & Peters, PC, Metamora, MI, for Bradford Tool & Die and Bushman Disposal.

Dustin P. Ordway, Dickinson, Wright, Moon, Van Dusen & Freeman, Grand Rapids, MI, for Arkwright, Inc.

Bernard P. Paige, Patrick J. Ennis, Colombo & Colombo, Bloomfield Hills, MI, for Dow Chemical.

Neil T. Peters, Kohl, Harris & Peters, PC, Metamora, MI, for Metamora Township.

Donald H. Poniatwoski, Nowak, Poniatowski & Morgan, PC, Lapeer, MI, for Lapeer County Press.

Scott R. Powell, Jonathan P. Gerisch, Powell & Gerisch, Ann Arbor, MI, Mary S. Rigdon, U.S. Attorney's Office, Detroit, MI, for Red Spot Paint.

Jamie Schiff, Textron, Inc., Providence, RI, for Textron, Inc./Ex–Cell–O

Devin S. Schindler, Warner, Norcross & Judd, LLP, Grand Rapids, MI, for Standard Detroit Paint.

Eugene E. Smany, Valerie P. Simmons, John D. Tully, Warmer, Norcross & Judd, Grand Rapids, MI, Donald E. Conley, McDonnell, Conley & Neveu, Bloomfield Hills, MI, James R. Temple, Farmington Hills, MI, for Kay Screen Printing.

James R. Temple, Farmington Hills, MI, for Three R Indus., Inc.

Hugh Thomas, Francis J. Newton, Jr., Berry, Moorman, King & Hudson, Detroit, MI, for Acme Precision Products.

L. Nicholas Treinen, Lake Orion, MI, for Mantex Corporation.

Fred R. Wagner, Beveridge & Diamond, PC, Washington, DC, for Dow Chemical.

Thomas M. Woods, Freeman McKenzie, Mt. Clemens, MI, Robert Young, King, Young & Billmeyer, Allen Park, MI, Sherwin E. Zamler, Susan Sadler, Dawanda, Mann, Mulcahy & Sadler, PLC, Bloomfield Hills, MI, for Seaman Industries & Cook Paint & Varnish.

Frances M. Zizila, Gregory L. Sukys, Environmental Enforcement Section, U.S. Department of Justice, Washington, DC.

## OPINION AND ORDER

FEIKENS, District Judge.

Plaintiffs bring this action pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERC-LA"), 42 U.S.C. §§ 9601 et seq., to recover expenses plaintiffs assumed under consent decrees entered in two companion cases both entitled United States v. BASF Corp., et al. (Case Nos. 91–40320 and 96–75279). These consent decrees obligated plaintiffs to pay a total of approximately $45 million to remediate a landfill contaminated by hazardous waste. Plaintiffs now seek approval of settlements that will resolve their claims against a group of twenty-two defendants (hereafter "settlors"). A group of nonsettling defendants (hereafter "nonsettlors") has raised a number of objections to these settlements. These objections substantially mirror the ones I addressed in another companion case, Kelley v. Wagner, 930 F.Supp. 293 (E.D.Mich.1996), which declined to approve a settlement between the State of Michigan and General Electric ("GE") for costs expended by the State to clean up the landfill at the center of these disputes.

My primary concern with the proposed consent decree in Kelley was that it obligated GE to pay only $35,000 in satisfaction of potential liability that was approximately $646,000. This disparity, while troubling, was made worse by the fact that the consent decree contained a broad contribution bar that would have made it impossible for other potentially responsible parties to seek contribution against GE for the remainder of its liability. I concluded that the contribution bar coupled with the inadequate sum paid made the consent decree "unfair":

As a matter of substantive fairness, a CERCLA settlement must be based upon and roughly correlated to an acceptable measure of comparative fault, apportioning liability among PRPs according to rational estimates of fault. United States v. Cannons, 899 F.2d 79, 87 (1st Cir.1990). As noted by the State and GE, "the court's role is not to determine the best method for measuring fault and determining liability." Nucor, 825 F.Supp. at 1459. However, I should not uphold the Consent Decree if the basis for apportioning liability is "arbitrary, capricious, and devoid of a rational basis."

I find that the definition of "matters addressed" [which effectively created the broad contribution bar] in the Consent Decree turns an otherwise apparently reasonable settlement into one that appears to assess GE's liability in a non-rational manner. The definition of matters addressed, if taken at face value, potentially gives GE complete finality with respect to all liability for cleanup of the Site. The total amount of liability is estimated to be about $95 million, and GE is estimated to be responsible for .68 percent of that figure (about $646,000). The figure suggested for settlement falls far short of that number. I do not judge whether this is the "best" settlement possible, but the State and GE have failed to explain how they rationally arrived at a figure that does not appear to be "in the ballpark" of the State's own estimate of GE's liability.

930 F.Supp. at 298–299. (Footnote omitted.) That problem has been remedied and I have approved a new arrangement between GE and the State of Michigan that, combined with the settlement *sub judice*, obligates GE to pay considerably more than the $35,000 figure I originally rejected. This figure, in my view, adequately approximates GE's "fair share."

The same can be said for the other settlements I now approve. As part of my review of these settlements, I requested that the settling parties produce the agreements for my *in camera* inspection. After such review, I am not concerned that the agreements are "outside of the ballpark." To the contrary, the agreements seem to roughly approximate the settlors' liability, taking into account the reduction in transaction costs that will be realized from approval of the voluntary settlements.

This conclusion does not end the inquiry. The nonsettlors point out that § 113(f)(2)[1] CERCLA allows contribution bars, but only where a settlement involves the United States or a state government. The provision states: "A person who has resolved its liability to the United States or a state in an administrative or judicially approved settlement shall not be liable for claims for contribution regarding matters addressed in the settlement." *Id.* CERCLA is silent, however, where, as here, settlements not involving a state or the United States include broad contribution bars of the sort presently before me.

■ A similar situation occurred in *Comerica Bank–Detroit v. Allen Industries, Inc.,* 769 F.Supp. 1408 (E.D.Mich.1991), where Comerica Bank and General Motors entered a comprehensive settlement that included a broad contribution bar prohibiting nonsettling parties from suing General Motors for contribution in a CERCLA cost recovery action. *Comerica* joined the "growing chorus" of federal courts[2] that have applied the Uniform Comparative Fault Act ("UCFA") when dealing with · settlements between private parties. 769 F.Supp. at 1414. Section 6 of UFCA provides:

> A release, covenant not to sue, or similar agreement entered into between a claimant and a person liable discharges that person from all liability for contribution, but it does not discharge any other person liable upon the same claim unless it so provides. However, the claim of the releasing person against other persons is reduced by the amount of the released person's equitable share of the obligation. . . .

The clear import of this provision is, as Judge Newblatt held in *Comerica,* that "the claimant bears the risk that the ultimate liability of the settling defendant may exceed the settlement amount." 769 F.Supp. at 1414. *See also, United States v. SCA Services of Indiana, Inc.,* 827 F.Supp. 526 (N.D.Ind.1993).

This is undoubtedly of little solace to the nonsettlors who argue that the contribution bar will unjustly prevent them from seeking contribution from settlors in the cost recovery actions brought by the State of Michigan and United States. However, as *Comerica* points out, Congress intended the disparities that inevitably arise under such a legislative scheme to act as a catalyst for early and inexpensive settlements. Disproportionate liability will invariably result, but it is not my place to countermand this clear legislative mandate.

■ In the same manner, I decline nonsettlors' invitation to review these settlements in microscopic detail. The review that nonsettlors request would require exhaustive evidentiary hearings that would, in many respects, mirror a trial on the merits. As Judge Newblatt observed in *Comerica:*

> The preparation for such "mini-trials," and the uncertainty of the outcomes, would

---

1. 42 U.S.C. § 9313(f)(2).

2. *See, United States v. Conservation Chemical Co.,* 628 F.Supp. 391, 402 (W.D.Mo.1985), *Lyncott Corp. v. Chemical Waste Management, Inc.,* 690 F.Supp. 1409 (E.D.Pa.1988), *Edward Hines Lumber Company v. Vulcan Materials Company,* 1987 WL 27368 (N.D.Ill.1987), *United States v. Western Processing Co.,* 756 F.Supp. 1424, 1430 (W.D.Wash.1990), *American Cyanamid Co. v. King Industries, Inc.,* 814 F.Supp. 215 (D.R.I. 1993).

discourage parties from settling, and this would be contrary to CERCLA's policy of encouraging early settlement.

769 F.Supp. at 1411. While I have conducted a thorough review of settlements to determine if they are fair and reasonable, I agree with Judge Newblatt that "a full blown evidentiary hearing[. . .] is not necessary or appropriate here." 769 F.Supp. at 1411. Accordingly, the motion to approve the settlements and contribution bars is **GRANTED.**

**IT IS SO ORDERED.**